STATE OF NORTH CAROLINA v. WILLIE LEE NEELY

No. 7427SC158

(Filed 1 May 1974)

**Criminal Law § 154— unavailability of trial transcript — record on appeal — no right to new trial**

The superior court was without authority to order a new trial for defendant for the reason that a transcript of his trial was unavailable because the court reporter died before transcribing her record of the trial and other persons were unable to transcribe the reporter's record, since defendant could have filed with the appellate court a record on appeal, as agreed to by the solicitor or settled by the court, in which was included a statement that the reporter is unable to provide a transcript and, in lieu of a narrative statement of the evidence, a statement of the facts upon which the appeal is based, any defects appearing on the face of the record and the errors he contends were committed at the trial; if the circumstances so justify, defendant could also assert as an assignment of error that he is unable

---

---

to obtain an effective appellate review of errors committed during the trial because of the reporter's inability to prepare a transcript.

ON *certiorari* to review an Order entered by *Snepp, Judge,* 16 July 1973 Session of Superior Court held in GASTON County. Argued in the Court of Appeals 9 April 1974.

Defendant was tried and found guilty of the felony of armed robbery at the 20 November 1972 Session of Superior Court held in Gaston County. He was sentenced to a term of imprisonment not to exceed 25 years. Defendant timely gave notice of appeal and ordered a transcript of his trial proceedings. Mrs. Roberta Wilkie, the Court Reporter at defendant's trial, died before she transcribed her record of the trial. Efforts by others to transcribe Mrs. Wilkie's records were unavailing. Because of the Reporter's inability to prepare a transcript of his trial proceedings, defendant has not perfected his appeal.

Defendant filed in the Superior Court in Gaston County a motion for a new trial grounded upon the inability of the Reporter to prepare a transcript. Judge Snepp found the facts to be substantially as alleged by defendant, but denied the motion for a new trial upon the grounds that the Superior Court was without authority to order the new trial.

Upon petition by defendant, this Court issued the writ of certiorari to review Judge Snepp's Order.

*Attorney General Morgan, by Assistant Attorney General Webb, for the State.*

*Ramseur & Gingles, by Ralph C. Gingles, Jr., for the defendant.*

BROCK, Chief Judge.

Judge Snepp was correct in concluding that the Superior Court was without authority to order a new trial for defendant under the facts summarized above.

Defendant should have proceeded to compile his record on appeal to the extent possible. If the Reporter is unable to furnish a transcript, a statement of that fact, agreed to by the Solicitor or settled by the judge, should be included in the record on appeal. In lieu of the usual narrative statement of evidence, defendant should set out the facts upon which his appeal is

based, any defects appearing on the face of the record, and the errors he contends were committed at the trial. If the circumstances so justify, defendant might also assert as an assignment of error that he is unable to obtain an effective appellate review of errors committed during the trial proceeding because of the inability of the Reporter to prepare a transcript. As agreed upon by counsel, or as settled by the trial judge, the record on appeal as above compiled should be docketed in this Court.

If defendant had proceeded as outlined above, this Court would be in a position to determine whether fair and proper administration of justice required a new trial.

It is possible, if he feels so advised, for defendant now to prepare such a record on appeal and present it to this Court with a proper petition for writ of certiorari seeking a review.

However, upon consideration of Judge Snepp's Order, which is the only thing properly before us in the present proceedings, we find that Judge Snepp was correct and his Order is

Affirmed.

Judges PARKER and BALEY concur.