STATE OF NORTH CAROLINA v. JOHN R. TEAT

No. 7427SC480

(Filed 17 July 1974)

1. Criminal Law § 144— setting aside verdict by trial court

After the expiration of the session at which a criminal case is tried, the court does not have the power to vacate the judgment, set aside the verdict and order a new trial; however, there are two exceptions: (1) where the case is kept alive by appeal, a motion for a new trial for newly discovered evidence may be made at the next succeeding session after certification of the opinion of a court of the appellate division, and (2) matters cognizable in a post-conviction hearing.

2. Criminal Law § 144— setting aside verdict by trial court — error

Where defendant was convicted at the 25 September 1972 session of superior court and gave notice of appeal, the superior court did not have authority to entertain defendant's motion made on 2 April 1973 for a new trial grounded upon the inability of the reporter to prepare a transcript.

3. Criminal Law § 154— unavailability of trial transcript — no right to new trial

Where defendant could not obtain a transcript of his trial due to the death of the court reporter before she transcribed her notes, he should have compiled his record on appeal to the extent possible and docketed it in the Court of Appeals rather than filing a motion in superior court for a new trial.

ON *certiorari* to review an order entered by *McLean, Judge*, on 30 April 1973 in the Superior Court in GASTON County. Heard in the Court of Appeals 20 June 1974.

Defendant was tried before McLean, Judge, at the 25 September 1972 Session of Superior Court held in Gaston County (1) upon a bill of indictment charging him with murder (Gaston County File No. 72CR16376), and (2) upon a bill of indictment charging him with robbery with a firearm (Gaston County File No. 72CR16377). The jury acquitted defendant on the murder charge, but found him guilty of robbery with a firearm. Judgment was entered upon the guilty verdict, and defendant gave notice of appeal.

Because of the inability of the court reporter to prepare a transcript of the trial proceedings within the time originally allowed, Judge McLean extended the time for docketing the record on appeal to the approximate limit under Rule 5 of the Rules of Practice in the Court of Appeals. Shortly after Judge McLean extended time for docketing the record on appeal, the court reporter, Mrs. Roberta R. Wilkie, became ill and was hospitalized. She remained in the hospital until her death on 16 January 1973. Efforts by others to transcribe Mrs. Wilkie's records were unavailing. Because of the reporter's inability to prepare a transcript of the trial proceedings, defendant did not perfect his appeal.

On 2 April 1973, defendant filed in the Superior Court in Gaston County a motion for a new trial grounded upon the inability of the reporter to prepare a transcript. Judge McLean found the facts to be substantially as alleged by defendant, and entered an order on 30 April 1973, which purported to set aside the verdict, judgment and commitment entered in the case of robbery with a firearm (Gaston County File No. 72CR16377) and purported to direct a new trial in that case.

Upon petition by the State, this Court, on 18 March 1974, issued the writ of certiorari to review Judge McLean's order of 30 April 1973.

*Attorney General Morgan, by Assistant Attorney General Chalmers, for the State.*

*Frank Patton Cooke, for the defendant.*

BROCK, Chief Judge.

It is clear that Judge McLean undertook to vacate a judgment and set aside a verdict rendered during a session of court which had long since expired.

**[1, 2]** All matters pending before the court are *in fieri* during the session. During the session at which a criminal case is tried, the court has power to vacate the judgment, set aside the verdict and order a new trial. With two exceptions, after the expiration of the session at which the case is tried, such power does not exist in criminal cases. The two exceptions are: where the case is kept alive by appeal, a motion for a new trial for newly discovered evidence may be made at the next succeeding session after certification of the opinion of a court of the appellate division, 3 Strong, N. C. Index 2d, Criminal Law, § 131, p. 53; and matters cognizable in a post-conviction hearing. G.S., Chap. 15, Art. 22. See, *State v. Cagle*, 241 N.C. 134, 84 S.E. 2d 649; *State v. McLamb*, 208 N.C. 378, 180 S.E. 586; 3 Strong, N. C. Index 2d, Criminal Law, § 144, p. 85. The authority for action in civil cases, after expiration of the session, is set forth in the Rules of Civil Procedure, G.S., Chap. 1A.

Judge McLean did not have the authority to entertain defendant's motion for a new trial, and the order of 30 April 1973 will be vacated.

**[3]** As this Court stated in *State v. Neely*, 21 N.C. App. 439, 204 S.E. 2d 531:

> "Defendant should have proceeded to compile his record on appeal to the extent possible. If the Reporter is unable to furnish a transcript, a statement of that fact, agreed to by the Solicitor or settled by the judge, should be included in the record on appeal. In lieu of the usual narrative statement of evidence, defendant should set out the facts upon which his appeal is based, any defects appearing on the face of the record, and the errors he contends were committed at the trial. If the circumstances so justify, defendant might also assert as an asssignment of error that he is unable to obtain an effective appellate review of errors committed during the trial proceeding because of the inability of the Reporter to prepare a transcript. As agreed upon by counsel, or as settled by the trial judge, the record on appeal as above compiled should be docketed in this Court.

> "If defendant had proceeded as outlined above, this Court would be in a position to determine whether fair and proper administration of justice required a new trial.

> "It is possible, if he feels so advised, for defendant now to prepare such a record on appeal and present it to this

Court with a proper petition for writ of certiorari seeking a review."

The order of 30 April 1973 is

Vacated.

Judges CAMPBELL and HEDRICK concur.