STATE OF NORTH CAROLINA v. JOHN R. TEAT

No. 7427SC890

(Filed 19 February 1975)

1. **Criminal Law § 154— unavailability of trial transcript — failure to raise objections in case on appeal**

    Defendant's contention that he is entitled to a new trial by reason of his inability to obtain effective appellate review because he could not obtain a transcript of his trial due to the death of the court reporter before she transcribed her notes is without merit where defendant furnished a complete narrative of the State's evidence and some of defendant's evidence, but no objections or exceptions appear in the record nor does defendant state what errors the court committed during the course of the evidence; furthermore, defendant does not assign error to the charge of the trial court or indicate what the charge should have been.

2. **Criminal Law § 139— failure of judgment to include minimum term — error**

    The trial court's judgment sentencing defendant to imprisonment "for the term of Not to exceed 25 years in the Common Jail of Gaston County . . . " was improper since it failed to sentence defendant for a minimum term.

ON *certiorari* to review proceedings before *McLean, Judge.* Judgment entered 30 September 1972 in Superior Court, GASTON County. Heard in the Court of Appeals 16 January 1975.

Defendant was charged with first degree murder and armed robbery. The charges were consolidated for trial, and defendant entered a plea of not guilty to each offense. The jury found him not guilty of the charge of murder but guilty of armed robbery. From judgment entered on the verdict, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Lester Chalmers, Jr., for the State.*

*Frank Patton Cooke for defendant appellant.*

MORRIS, Judge.

Defendant first assigns as error the failure of the court to grant his motion for judgment as of nonsuit made at the close of the State's evidence and at the close of all the evidence, and his motion for mistrial made at the close of all the evidence. He concedes that, taking the evidence in the light most favor-

able to the State, there was sufficient evidence to take both charges to the jury. We commend counsel for his candor. The evidence for the State reveals a brutal beating, robbery, and subsequent murder. The evidence is conflicting with respect to whether defendant or his companion actually did the killing after the completion of the robbery in which both participated, but there is no question but that the evidence is plenary to withstand motion for judgment as of nonsuit.

With respect to his motion for mistrial at the close of all the evidence, the defendant contends that several improper and prejudicial rulings were made by the trial court during the course of defendant's evidence and during the course of the State's rebuttal evidence. He says, however, that because of the untimely death of the court reporter and the subsequent inability to reconstruct the transcript, "this evidence cannot now be brought before the court for review." For that reason defendant says he must now waive this assignment of error except as it may be considered in light of his second assignment of error. We will treat this assignment of error with the second assignment of error, but we note at this point that despite the fact that trial counsel also represents defendant on appeal and has been able from his trial notes to reconstruct portions of the evidence, and despite the fact that the State's evidence, consisting of the testimony of 13 witnesses, comprises 61 pages of the record and defendant's testimony comprises 17½ pages of the record, there nowhere appears an objection or exception to any ruling of the court.

[1]  By his second assignment of error defendant contends that he is entitled to a new trial by reason of his inability to obtain effective appellate review because of the fact that he has been unable to obtain a complete transcript of the evidence and the court's charge to the jury.

It appears from the record that defendant gave notice of appeal in open court and appeal entries were signed granting him 65 days within which to serve his case on appeal. In open court the reporter advised that she could not furnish the transcript in the time allotted and the court indicated that if she could not, a proper motion for enlargement of time would be considered. Such a motion was filed and granted. Shortly thereafter the court reporter became ill. Her illness was terminal and she died on 16 January 1973. Prior to her illness she had transcribed a portion of the State's evidence. The court ap-

pointed another reporter, Mrs. Opal Blair, to complete the transcription of the evidence. Although Mrs. Blair was diligent in her efforts, she was able to locate only a portion of the stenographic notes and record of the deceased reporter. As a result, only a portion of the defendant's testimony was transcribed by Mrs. Blair, no part of the testimony of witnesses for the defendant, and only a portion of the charge of the court.

Because of these circumstances, defendant moved for a new trial. The trial court entered an order in which he found facts substantially as above with the addition of the finding that "numerous rulings were made by this Court, some of which to the Court's knowledge raise serious questions of law, which in the Court's opinion were meritorious objections taken by the defendant." The court found that none of the rulings appeared in the transcript prepared by Mrs. Blair and that only a portion of the court's charge was transcribed. The court further found that from his own notes he was unable to determine the objections and exceptions taken by defendant. The trial court's order purported to set aside the verdict, judgment, and commitment and direct a new trial. The State sought review by certiorari, and this Court issued the writ of certiorari to review the trial court's order. In an opinion written by Chief Judge Brock, this Court reversed the trial court and vacated the order purporting to grant a new trial. *State v. Teat,* 22 N.C. App. 484, 206 S.E. 2d 732 (1974), cert. denied 285 N.C. 667 (1974). In the opinion of the Court, Judge Brock quoted with approval the following statement from *State v. Neely,* 21 N.C. App. 439, 440-441, 204 S.E. 2d 531 (1974):

"Defendant should have proceeded to compile his record on appeal to the extent possible. If the Reporter is unable to furnish a transcript, a statement of that fact, agreed to by the Solicitor or settled by the judge, should be included in the record on appeal. *In lieu of the usual narrative statement of evidence, defendant should set out the facts upon which his appeal is based, any defects appearing on the face of the record, and the errors he contends were committed at the trial.* If the circumstances so justify, defendant might also assert as an assignment of error that he is unable to obtain an effective appellate review of errors committed during the trial proceeding because of the inability of the Reporter to prepare a transcript. As agreed upon by counsel, or as settled by the trial judge, the record on appeal

as above compiled should be docketed in this Court." (Emphasis added.) *State v. Teat, supra,* at p. 486.

Defendant has not complied with the directive of this Court. He has furnished a complete narrative of the State's evidence, but there appears therein not a single objection or exception nor does defendant contend that any error was committed during the introduction of evidence for the State. The record contains some 17½ pages of testimony by the defendant including direct and cross-examination, but no objection or exception appears in the record nor does defendant state what errors he contends the court committed, if any, during the course of defendant's testimony. The record then lists the names of witnesses who testified for defendant but no indication is given as to whether they were character witnesses or alibi witnesses or witnesses to the occurrence. Nor does defendant set out any error or errors he contends the court committed during the course of this evidence. The record contains a portion of the court's charge. The trial court has stated in its order that the charge is incomplete. Neither the court nor counsel assigns any error to the portion of the charge before us. Neither does counsel give us by way of assigned error any indication of what the charge should have contained but didn't and whether there was any prejudicial omission. Both defendant's counsel and the trial court say there was error in the trial. The record before us contains no indication of what the error, if any, was. It is inconceivable that counsel, who can recall so much of the evidence from his trial notes and the available evidence, cannot, as suggested by this Court "set out facts upon which his appeal is based, any defects appearing on the face of the record, and the errors he contends were committed at the trial." *State v. Teat, supra.*

Nor does counsel contend that he and the State were unable to agree on alleged facts on which the appeal is based, or defects on the face of the record, or errors defendant contends were made at the trial.

For the reasons set out herein, we are of the opinion that this is not a situation justifying an assignment of error that defendant is unable to obtain an effective appellate review of errors committed during the trial proceeding because of the inability of the court reporter to prepare a transcript. See *State v. Allen,* 4 N.C. App. 612, 167 S.E. 2d 505 (1969). Defendant's assignments of error are, therefore, overruled.

[2]   Although defendant does not raise the question, we note that the trial court's judgment sentenced the defendant to imprisonment "for the term of Not to exceed 25 years in the Common Jail of Gaston County to be assigned to work under the supervision of the State Department of Correction as provided by law." In *State v. Black*, 283 N.C. 344, 196 S.E. 2d 225 (1973), the Court, on its own motion in reviewing the face of the record, remanded the case for entry of a proper judgment on the verdict. There the court had entered judgment sentencing defendant to "be confined in the common jail of Gaston County *not to exceed seven years. . . .* " The court called attention to G.S. 148-42 authorizing superior court judges, in their discretion, to sentence convicted defendants for "a minimum and maximum term". The statute further provides for discharge, under conditons, "[a]t any time after the prisoner has served the minimum term . . . " The Court quoted with approval 21 Am. Jur. 2d, Criminal Law, § 540, p. 519, as follows:

> "[U]nder an indeterminate sentence law, a sentence cannot be for a definite term of imprisonment. It must be for not less than a specified minimum period and not more than a specified maximum period. There must be a difference between the periods, and a sentence fixing identical minimum and maximum terms of imprisonment is invalid."

Although we find no error in the trial, the case must be remanded to the Superior Court, Gaston County, for the entry of a proper judgment.

Remanded for judgment.

Judges PARKER and HEDRICK concur.