STATE OF NORTH CAROLINA v. NATHANIEL MARK UPSHUR

No. COA04-397

(Filed 21 February 2006)

**1. Appeal and Error— writ of certiorari—effective appellate review—no trial transcript**

Defendant is not entitled to a new trial on first-degree rape and assault with a deadly weapon inflicting serious injury charges even though he contends he is unable to obtain effective appellate review of the trial proceedings in the absence of the trial transcript, because: (1) defendant's appeal in 2000 is presented by writ of certiorari years after the entry of judgment in 1988 and where a transcript is simply not available due to no fault of the State; (2) neither due process nor equal protection require the granting of a new trial to a defendant when certain factual situations necessitate practical accommodation, including where tran-

scripts are no longer available and where there exists the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal; and (3) defendant has made no assertion on appeal that he received ineffective assistance from his counsel at trial or regarding the steps taken to procure an appeal as of right despite the trial court's conclusion that trial counsel did not inform defendant of his appellate right or relevant time limits to exercise them, and appellate counsel does not fail to render effective assistance simply based on the fact that he cannot examine a transcript that is unavailable.

**2. Appeal and Error— preservation of issues—failure to object—failure to argue plain error**

The trial court did not err in a first-degree rape and assault with a deadly weapon inflicting serious injury case by transferring defendant's case from juvenile court to superior court even though he contends the probable cause determination was based in part on an alleged improperly admitted custodial statement based on the argument that defendant's stepfather, and not a parent, was present, because: (1) defendant failed to preserve this issue for appeal by presenting no objection to the trial court to the admission of his statement; and (2) a defendant waives plain error review by failing to specifically and distinctly contend the questioned judicial action amounted to plain error.

**3. Sentencing— aggravated range—crimes especially heinous, atrocious, or cruel—*Blakely* error**

The trial court erred by sentencing defendant in the aggravated range for the assault with a deadly weapon inflicting serious injury charge based upon a finding that the crime was especially heinous, atrocious, or cruel, and defendant is entitled to a new sentencing hearing on this charge, because defendant did not stipulate to the factor nor was it found by a jury beyond a reasonable doubt.

**4. Rape— first-degree—short-form indictment—constitutionality**

The short-form indictment used to charge defendant with first-degree rape was constitutional.

On writ of certiorari to review the judgments entered 23 February 1988 by Judge Thomas H. Lee in Durham County Superior Court. Heard in the Court of Appeals 14 November 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General William P. Hart, for the State.*

*Paul Pooley for defendant-appellant.*

MARTIN, Chief Judge.

On 23 February 1988, Nathaniel Mark Upshur ("defendant") was sentenced to life imprisonment upon his conviction by a jury of first-degree rape and a consecutive term of ten years upon his conviction by the jury of assault with a deadly weapon inflicting serious injury. He entered a plea of no contest to first-degree murder and was sentenced to a concurrent term of life imprisonment for that offense. On 12 July 2000, this Court allowed defendant's petition for writ of *certiorari* to review his convictions of first-degree rape and assault with a deadly weapon inflicting serious injury. The judgment entered upon defendant's plea of no contest to first-degree murder is not the subject of this appeal.

On 16 May 2001, the court reporter determined that the tapes and notes from the trial, other than the probable cause and sentencing hearings, could not be located. In addition, defendant's trial attorney was unable to reconstruct the trial from his memory or locate his trial notes, the trial judge had passed away in the intervening years and his notes were unobtainable, and the exhibits from trial could not be located either in the Clerk of Superior Court's office or at the Durham Police Department. Defendant subsequently filed a motion in this Court for a new trial on the rape and assault charges. We held the motion in abeyance and remanded the matter to the trial court for a determination of whether trial counsel had informed defendant of his appellate rights and whether defendant had waived those rights.

The trial court conducted a hearing on 7 October 2002 and determined defendant (1) did not waive his right to appeal the rape and assault convictions as a part of his agreement to plead no contest to first-degree murder, and (2) defendant had not been informed by his trial counsel, prior to the entry of the no contest plea, of his appellate rights or the relevant time limits in which to exercise them. On 30 April 2003, this Court denied defendant's motion for a new trial and directed defendant to "set out the facts upon which his appeal is based, any defects appearing on the face of the record, and the errors he contends were committed at the trial" in accordance with this Court's holdings in *State v. Neely*, 21 N.C. App. 439, 440-41, 204 S.E.2d 531, 532 (1974) and *State v. Teat*, 22 N.C. App. 484, 206 S.E.2d 732,

*cert. denied,* 285 N.C. 667, 207 S.E.2d 765 (1974). On appeal, defendant asserts (I) he is entitled to a new trial on the rape and assault charges because he is unable to obtain effective appellate review of the trial proceedings in the absence of the trial transcript, (II) the trial court erred by transferring defendant's case from juvenile court to superior court because the probable cause determination was based in part on improperly admitted evidence, (III) the trial court erred by sentencing defendant in the aggravated range for the assault charge, and (IV) the short-form indictment used to charge him with first-degree rape was constitutionally infirm. After careful consideration of each of his contentions, we reject them.

## I. Lost transcript

[1] In his first assignment of error, defendant asserts that the unavailability of the trial transcript denies him "his statutory right to appeal and his state and federal constitutional due process and equal protection rights to a full and effective appellate review and to the effective assistance of counsel" and that he is, therefore, entitled to a new trial on the rape and assault charges.

Citing *State v. Robinson,* 83 N.C. App. 146, 148, 349 S.E.2d 317, 319 (1986), defendant correctly asserts the general rule that defendants "are entitled to transcripts when appealing to a higher court or upon retrial when necessary for an effective defense." *See also Hardy v. United States,* 375 U.S. 277, 11 L. Ed. 2d 331 (1964) (holding new counsel on appeal cannot faithfully discharge their obligation to their client unless provided the transcript of the trial proceedings). Such cases have typically involved, however, situations where the State is denying defendant a transcript that can be made available, *see, e.g., State v. Reid,* 312 N.C. 322, 321 S.E.2d 880 (1984) or the appeal is taken as a matter of right directly following the trial. *See, e.g. Draper v. Washington,* 372 U.S. 487, 9 L. Ed. 2d 899 (1963).

The foregoing cases, however, are distinguishable from the present case, where the defendant's appeal is presented by writ of *certiorari* years after the entry of judgment and where a transcript is simply not available due to no fault of the State. In *Norvell v. Illinois,* 373 U.S. 420, 10 L. Ed. 2d 456 (1963), Norvell was an indigent defendant represented by counsel at trial who was convicted of murder in 1941. The Supreme Court presumed his attorney had made a timely motion for time within which to prepare and file a bill of exceptions. *Id.* at 420, 10 L. Ed. 2d at 457. Norvell or his attorney attempted to get a transcript but failed for financial inability to pay the associated

costs, and Norvell did not pursue an appeal. *Id.* at 420-21, 10 L. Ed. 2d at 457. In 1956, he sought to be furnished with a transcript of his trial under certain state regulatory provisions. *Id.* at 421, 10 L. Ed. 2d at 458. The transcript was determined to be unavailable due to the death of the court reporter at Norvell's trial, and after an unsuccessful attempt to reconstruct the transcript through witness testimony, the trial court denied Norvell's motion for a new trial. *Id.* at 422, 10 L. Ed. 2d at 458. The practical result of the unavailability of the transcript was that "it was not possible for Illinois to supply petitioner with the adequate appellate review of his 1941 conviction which he failed to pursue at that time." *Id.*

Upon review, the Supreme Court characterized the issue as follows: "whether a State may avoid the obligation [under the Fourteenth Amendment to the United States Constitution to permit an indigent the same rights of appeal afforded all other convicted defendants] where, without fault, no transcript can be made available, the indigent having had a lawyer at the trial and no remedy having been sought at the time." *Norvell*, 373 U.S. at 422, 10 L. Ed. 2d at 458. *Cf. United States v. MacCollom*, 426 U.S. 317, 324-25, 48 L. Ed. 2d 666, 674 (1976) (denying relief on the grounds of due process and equal protection where a respondent "had an opportunity for direct appeal, and had he chosen to pursue it he would have been furnished a free transcript of the trial proceedings. But having forgone that right, and instead some years later having sought to obtain a free transcript in order to make the best case he could in a proceeding under [federal statutory provisions allowing petitions for post-conviction collateral relief], respondent stands in a different position"). In affirming the denial of a new trial to Norvell, the Supreme Court established that neither due process nor equal protection required the granting of a new trial to a defendant when certain factual situations necessitated "practical accommodation," including "where transcripts are no longer available [and where there exists] the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal." *Id.* at 424, 10 L. Ed. 2d at 459-60. This case is sufficiently similar to command the same result as that reached in *Norvell*.

Defendant's trial occurred in 1988; he did not pursue an appeal until 2000. Defendant makes no claim he was not represented by able counsel during trial. Following the trial, the record makes clear that trial counsel maintained some level of contact with defendant and extensive contact with defendant's family, including discussions re-

garding representation of defendant with respect to issues involving the probable cause hearing. Defendant, his family, and his trial counsel's actions, accordingly, were consistent with continued representation of defendant following the termination of the trial proceedings. Moreover, defendant has made no assertion on appeal that he received ineffective assistance from his counsel at trial or regarding the steps taken to procure an appeal as of right, despite the trial court's conclusion that trial counsel "did not inform defendant of his appellate rights [or] relevant time limits to exercise them[.]" Thus, the issue of effective assistance of counsel is not before this Court.

Accordingly, we are confronted with a case in which the operative facts are the same as those found in *Norvell*, where defendant was afforded counsel at trial and sought no appellate review until years later, at which time the transcript of the trial proceedings had been lost without fault of the State.[1] In addition to the compelling precedent of *Norvell*, we are cognizant of the practical effect of adopting a rule granting a defendant an *ipso facto* right to a new trial in a case where a trial transcript is unavailable due to no fault of the State and regardless of the length of time between the defendant's trial and attempted appeal. A defendant without a legitimate expectation of appellate success on the merits would be encouraged by such a holding to seek a new trial if, during a multi-year delay of appeal, the transcript was lost. We find the analysis in *Norvell* dispositive for defendant's federal claims and instructive for his state claims, and we hold accordingly.

Defendant alternatively argues that the lack of the transcript deprives him of his state and federal constitutional rights to effective assistance of counsel on appeal. We disagree. Appellate counsel does not fail to render effective assistance simply because he cannot examine a transcript that is unavailable. Admittedly, defendant's failure to pursue his appeal for twelve years and the loss of the trial transcript limits the errors that may be assigned and reviewed on appeal.

---

1. Defendant correctly asserts trials before the superior court are recorded and such recordations are the property of the State kept in the custody of the clerk of the superior court, *see* N.C. Gen. Stat. § 7A-95(c) (2005); however, it does not necessarily follow that the State is at "fault" as contemplated by *Norvell* when the recordation is lost. Such a determination would rest upon the surrounding factual circumstances giving rise to the unavailability of the transcript. Here, defendant has had full opportunity to investigate those circumstances and has proffered no argument concerning fault on the part of the State. Indeed, defendant argued orally to this Court that the transcript was merely lost over the passage of time. We reject equating fault on the part of the State for the lost recordation of defendant's trial some twelve years earlier, nothing else appearing of record.

However, having determined defendant is not entitled, under the facts of the instant case, to a new trial on the grounds of the unavailability of the transcript, it likewise follows that counsel provides effective assistance by determining and appropriately presenting to the appellate court all errors appearing on the remaining record. Defendant makes no argument that counsel has not done so, and this assignment of error is overruled.

## II.  Probable Cause Hearing

[2] By his second assignment of error, defendant asserts the trial court erroneously transferred his case from juvenile court to superior court because that transfer was based, in part, on evidence introduced from an improperly obtained custodial statement. Specifically, defendant, citing N.C. Gen. Stat. § 7A-595, contends the trial court erred at his probable cause hearing in admitting and relying upon defendant's statement to law enforcement officers because it was taken when his stepfather, and not a parent, was present. However, the transcript of the probable cause hearing reflects that defendant presented no objection to the trial court to the admission of his statement. Accordingly, defendant failed to preserve this issue for appeal. See N.C.R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context"). While a question not preserved by objection noted at trial and not preserved by rule or law may nevertheless be considered on appeal under plain error review, see N.C.R. App. P. 10(c)(4), a defendant waives plain error review by failing to specifically and distinctly contend the questioned judicial action amounted to plain error. State v. Hamilton, 338 N.C. 193, 208, 449 S.E.2d 402, 411 (1994). Defendant has failed to assert on appeal that the trial court's action amounted to plain error and has, thereby, waived this issue.

## III.  Sentence

[3] Citing Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), defendant assigns error to the imposition of an aggravated sentence for the assault charge on the grounds that the judge made the finding of aggravation based on a preponderance of the evidence. Defendant petitioned this Court for appellate review of the trial proceedings via certiorari on 27 June 2000, and this Court allowed defendant's petition on 12 July 2000. During the time period that defendant's appeal was pending before this Court, the United States

Supreme Court decided and issued the opinion in *Blakely*. Also during the pendency of defendant's appeal, our Supreme Court applied *Blakely* to invalidate the imposition of an aggravated sentence based upon a fact, other than a prior conviction, that increased the penalty for a crime beyond the presumptive range unless that fact was stipulated to by the defendant or found by a jury beyond a reasonable doubt. *State v. Allen*, 359 N.C. 425, 438-39, 615 S.E.2d 256, 265 (2005). Our Supreme Court further held that such error is structural and reversible *per se. Id.* at 449, 615 S.E.2d at 272. In the instant case, defendant was sentenced beyond the presumptive range based upon a finding that the crime was "especially heinous, atrocious or cruel." Defendant did not stipulate to the factor nor was it found by a jury beyond a reasonable doubt. Accordingly, defendant is entitled to a new sentencing hearing upon the conviction of assault with a deadly weapon inflicting serious injury.

## IV. Short-Form Indictment

[4] Finally, defendant argues the short-form rape indictment utilized in the instant case was constitutionally infirm under our federal and state constitutions. "North Carolina has consistently upheld the constitutionality of the use of the short-form indictment in rape cases as prescribed by N.C. Gen. Stat. § 15-144.1." *State v. Owen*, 159 N.C. App. 204, 208, 582 S.E.2d 689, 692 (2003). Defendant's assignment of error, while preserved for further appellate review, is overruled.

No error, remanded for resentencing in 86 CRS 338.

Judges McGEE and ELMORE concur.