STATE OF NORTH CAROLINA v. RALPH RANKIN

No. 179A81

(Filed 5 October 1982)

**1. Criminal Law § 40.2 — mistrial — denial of transcript at retrial — violation of equal protection**

 An indigent defendant's Fourteenth Amendment equal protection rights were violated by the trial court's denial of his motion that he be provided a

free transcript of his first trial which ended in a mistrial on the ground that the motion was not timely made because preparation of the transcript would take six weeks and the district attorney expected to retry defendant's case in three to four weeks since (1) the court indicated that defendant would have been entitled to a free transcript upon a timely request; (2) the second trial had not even been rescheduled, and a denial of the motion as being untimely was improper since it could only have been based on speculation; (3) the trial court could have continued the case until the transcript was prepared; and (4) the court's offer to make the court reporter and her notes of the first trial available to defense counsel during the retrial did not constitute the substantial equivalent of a transcript.

Justice EXUM concurs in the result.

APPEAL of right by defendant pursuant to G.S. 7A-27(a) from *Long, J.*, at the 28 September 1981 Criminal Session, GUILFORD Superior Court, Greensboro Division. Defendant received a life sentence for first degree sexual offense.

Defendant was charged in separate bills of indictment, proper in form, with the crimes of common law robbery and first degree sexual offense in violation of G.S. 14-27.4. The defendant pleaded not guilty to both of the charges and was tried at the 29 June 1981 Criminal Session of Superior Court. This case was consolidated for trial with the case against Thomas Braswell, who likewise was charged with first degree sexual assault. On 4 July 1981 the jury announced its inability to reach a unanimous verdict in either of the cases. Thereupon, Judge Long declared a mistrial in each of the cases and continued them for the session.

Defendant filed a motion requesting the court to provide him a free transcript of the earlier trial and subsequent mistrial. This motion was heard 6 August 1981 before Judge Long in Guilford Superior Court, Greensboro Division. Although the case had not been placed on a specific docket at the time of the hearing the district attorney had stated that he planned to try the case in three or four weeks. The State argued the motion was not timely made since, as the trial court found, it would take at least six weeks to prepare the transcript. The defendant, in response to this argument by the State, told the court that he waited until he was sure the case would be retried before making his request in order to avoid a possible waste of judicial resources. Judge Long denied defendant's motion as being not timely made reasoning, "[T]hat under the circumstances, even a solvent defendant could not obtain a transcript within the time available . . ." before trial.

Both cases against the defendant were tried at the 28 September 1981 Criminal Session of Guilford Superior Court, Greensboro Division. The trial began 28 September 1981 and ended 2 October 1981 with a jury verdict finding the defendant guilty of first degree sexual offense and not guilty of common law robbery.

At the second trial the State's evidence based largely on the testimony of the prosecuting witness, tended to show the following: Defendant and prosecuting witness, Jerry Dean Franklin, were incarcerated in a four-man cell with two other prisoners in the Guilford County Jail on the morning of 3 April 1981. After breakfast, while the prisoners were locked in their cells, the defendant, aided by the two other prisoners present in the cell, performed a forcible sexual offense upon Franklin. The attack, along with an alleged robbery of $45.00, was reported to the jailor on duty. A thorough medical examination revealed the presence of spermatozoa in Franklin's rectum and trauma around his anus, both of which are consistent with the claim of anal rape. A search of defendant's cell uncovered $50.00 in cash and a jar of hair tonic which contents, when analyzed, proved to be the same substance found in the underpants of the prosecuting witness. The State also produced notes written by defendant to other prisoners present in Guilford County Jail on the day of the alleged assault in which he instructed them about the things they should forget and the things to remember.

Defendant testified at trial that he was not present in the cell at the time of the alleged assault and, through the testimony of Larry Wayne Poole, he claimed Franklin faked the entire incident. Poole testified that he showed Franklin how to stage a sexual assault and then use it as leverage against the State in order to gain a plea bargain.

Upon presentation of all the evidence, the jury found the defendant guilty of first degree sexual offense. Other facts pertinent to the decision of this case will be discussed in the opinion.

*Attorney General Rufus L. Edmisten, by Assistant Attorneys General Archie W. Anders and Thomas B. Wood, for the State.*

*Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant-appellant.*

COPELAND, Justice.

Our review of the factual circumstances of this record and the law applicable thereto discloses prejudicial error requiring a new trial.

Defendant contends the trial court erred in denying his motion for a free transcript of the record. The motion was denied 6 August 1981 as not timely made. In support of the contention, defendant relies on *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed. 2d 400 (1971) in which the Supreme Court of the United States held that indigents were to be provided free transcripts of prior proceedings if the trial court determines it necessary for an effective *defense*. (Emphasis added.) In *Britt, supra*, the Court extended the scope of its holding in *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), which had provided to indigents a free transcript if necessary for an effectual *appellate review*. (Emphasis added.)

The effect of *Britt v. North Carolina, supra*, is to make available to an indigent defendant those tools available to a solvent defendant which are necessary for preparing an equally effective defense. That purpose, founded on the equal protection clause of the Fourteenth Amendment of the United States Constitution, has been frustrated in this case. A solvent defendant would have been free to attempt a purchase of the transcript which might be prepared in time for trial. And even if the transcript had not been prepared the solvent defendant could have asked for a continuance which we believe the trial judge would have found hard to deny. However this defendant, denied any opportunity to receive a transcript, was severely handicapped by the court's offer of only limited access to the court reporter and her notes for use *during* the course of the trial. Thus, if the defendant was entitled to a free transcript, the court's ruling prevented him from having the same opportunity to receive a transcript which could have been available to a solvent defendant. As Justice Black stated in *Griffin*, "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has." *Griffin*, 251 U.S. at 19, 76 S.Ct. at 591, 100 L.Ed. at 899.

In a case where the second trial has not even been rescheduled, denial of defendant's motion as being untimely is improper

because such a holding could only have been based on speculation. The district attorney had hoped to try this case within four weeks of the time of the hearing but it was in fact not tried for more than seven weeks. Unfortunately, such delays are common in our overcrowded courts and, as in this case, may very well have provided enough time for this defendant to receive a fully prepared stenographic transcript. At any rate it certainly was within the judge's power to delay the trial until the transcript had been prepared.

Under *Britt, supra,* a free transcript need not always be provided. Instead, availability is determined by the trial court through the implementation of a two step process which examines (1) whether a transcript is necessary for preparing an effective defense and (2) whether there are alternative devices available to the defendant which are substantially equivalent to a transcript. *Britt, supra.* If the trial court finds there is either no need of a transcript for an effective defense or there is an available alternative which is "substantially equivalent" to a transcript, one need not be provided and denial of such a request would not be prejudicial. *Britt, supra.*

By ruling that defendant's motion was untimely, the trial court did not have to make findings of fact on the issue of need. However, the court indicated that upon a timely request, defendant would have been entitled to a free transcript. After reviewing the record we agree that the defendant was entitled to either a free transcript or its substantial equivalent.

As for the second step of the *Britt, supra,* analysis, concerning alternatives substantially equivalent to a transcript, we find the judge's offer to make the court reporter available to the defense during trial clearly insufficient. In a case very similar in facts to the one at hand, the Second Circuit Court of Appeals rejected a similar offer as, "too little, too late" and "a breeder of delay and confusion." *United States ex rel. Wilson v. McMann,* 408 F. 2d 896, 897 (2d Cir. 1971). As was the case in *Britt, supra,* the facts of this case are very important in determining whether the defendant needs a transcript in order to prepare an effective defense. However, unlike the circumstances in *Britt, supra* where the court found no reversible error because the reporter was available to read his notes of the record back to the defendant's

counsel long before the second trial, giving counsel for the defendant the opportunity to use them in preparing his defense, counsel for this defendant was never given the opportunity to use the reporter's notes in preparation for trial. These facts distinguish the present case from *Britt, supra.*

We believe that since there was no alternative available to the defendant which was substantially equivalent to a transcript, the defendant was entitled to a free transcript and therefore its denial was error. The ruling by the trial court that defendant's request was untimely violated his rights under the equal protection clause of the Fourteenth Amendment of the United States Constitution.

Defendant also maintains that he was denied a fair trial when the district attorney asked him a question on cross-examination as to whether he had been involved in a similar incident some seven years before the alleged assault for which the charges were dismissed. The exact language of the question was as follows: Q. "And I will ask you if it isn't a fact on the 31st day of July, 1974, you along with 5 other people and at knife point assaulted a man by the name of Jerry Don Shelton by forcing him at knife point to remove his pants and allowing you to enter his rectum and continued that crime against his will?" A *voir dire* examination was conducted prior to the question being asked in the presence of the jury. During this examination the defendant flatly denied any involvement in the alleged misconduct. Before the jury returned to the courtroom, the district attorney was advised by Trial Judge Long that any objection to the question would be sustained. Nevertheless, the district attorney defied the obvious intent of the trial court's instruction by asking the question in the presence of the jury.

Defendant contends it was improper for the district attorney to question him about a prior charge which had been dismissed. The rule in this jurisdiction is that a district attorney may not ask a defendant if he has been accused, indicted or arrested for a specific crime. *State v. Mack,* 282 N.C. 334, 193 S.E. 2d 71 (1972); *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971). However, this Court is not now and has never been squarely faced with whether the prosecutor's cross-examination may include questions about charges which have been dismissed.

The question at issue was phrased in a manner that only asked whether the defendant had been involved in a specific prior act of misconduct and made no mention of an arrest or subsequent trial. Such a question is within the acknowledged rule in this jurisdiction that once a defendant takes the witness stand he may be asked, "disparaging questions concerning collateral matters relating to his criminal and degrading *conduct.*" (Emphasis added.) *State v. Williams,* 279 N.C. at 675, 185 S.E. 2d at 181. Although there are limitations to what a district attorney may cover on cross-examination, this Court has held that questions asked by a prosecutor are presumed in good faith unless the record indicates it was asked in bad faith. *State v. Spaulding,* 288 N.C. 397, 219 S.E. 2d 178 (1975). It is unnecessary for this Court to determine whether the district attorney's question was proper under the limitations set out in *State v. Williams, supra,* since any potential error was removed by the trial court's instruction that the jury not consider the question in its deliberation.

The other assignment of error will probably not recur at retrial and we do not discuss it.

For these reasons we order a new trial on the defendant's first assignment of error but find no error in the second assignment of error.

New trial.

Justice EXUM concurs in result.