STATE OF NORTH CAROLINA v. TERRY ORLANDO REID

No. 209A84

(Filed 6 November 1984)

**Criminal Law § 40.2— retrial of indigent defendant—failure to provide transcript of first trial**

The retrial of an indigent defendant on rape, burglary and larceny charges without providing him with a transcript of his original trial was error entitling him to a new trial where defendant's first trial ended in a mistrial when the jury was unable to agree; the trial judge allowed defendant's motion for a transcript of his trial; defendant again moved prior to a second trial that he be given a transcript of his first trial before being retried; the court reporter advised the court that she had not had time to prepare the transcript; and the court then denied defendant's motion without evidence or findings that defendant had no need for a transcript or that there was available to defendant a substantially equivalent alternative.

———————

2. N.C. Gen. Stat. § 1-180 (1953).

3. N.C. Gen. Stat. § 15A-1232 (1983).

APPEAL by defendant from judgments of *Judge Hamilton Hobgood* entered at the 28 November 1983 Session of FORSYTH Superior Court and imposing sentences of life imprisonment upon defendant's convictions by a jury of first degree rape and first degree burglary. Defendant's motion that a judgment of ten years' imprisonment upon his conviction of felonious larceny, a case joined for trial with the rape and burglary cases, be reviewed before determination by the Court of Appeals was earlier allowed.

*Rufus L. Edmisten, Attorney General, by Guy A. Hamlin, Assistant Attorney General, for the State.*

*Michael R. Greeson, Jr., for defendant appellant.*

PER CURIAM.

Defendant was first tried at the 7 November 1983 Session of Forsyth Superior Court before Judge James Long. The proceedings ended in a mistrial when the jury was unable to agree on a verdict. Defendant, an indigent, then moved that he be provided with a transcript of this trial. Judge Long allowed the motion.

At the 28 November 1983 Session of Forsyth Superior Court defendant moved again that he be given a transcript of the first trial before being tried again. He advised the court of Judge Long's order that he be provided a transcript of the first trial; that no transcript had yet been provided; and that he needed the transcript "to effectively cross-examine the State's witnesses at this time." The court reporter for the first trial advised the court that she had not had time to prepare the transcript "since it's only been two weeks" since the first trial but that she could have the transcript prepared in two more weeks. Whereupon the court denied defendant's motion without evidence or findings that defendant had no need for a transcript or that there was available to defendant a substantially equivalent alternative. The trial proceeded without defendant's having been furnished a transcript of the first trial.

Under these circumstances, requiring defendant to be retried without providing him with a transcript of his first trial is error entitling defendant to a new trial. *Britt v. North Carolina,* 404

U.S. 226 (1971); *State v. Rankin*, 306 N.C. 712, 295 S.E. 2d 416 (1982); *State v. McNeill*, 33 N.C. App. 317, 235 S.E. 2d 274 (1977).

New trial.