STATE OF NORTH CAROLINA v. RALPH WOODS, JR.

No. 8519SC405

(Filed 5 November 1985)

1. **Robbery § 4.3— armed robbery—possession of recently stolen property—acting in concert**

    The State's evidence was sufficient for the jury to find defendant guilty of armed robbery under the doctrines of possession of recently stolen property and acting in concert where it tended to show that a masked man carrying a gun entered a service station and demanded the money from the cash register; the masked gunman ran behind the counter when a customer drove up to the gas pumps; the station attendant gave the gunman the entire cash register drawer containing approximately $1,300; a second masked man entered the station wearing a light blue leisure jacket and told the first man that there

was someone coming; both men fled, and the attendant saw a dark green Buick station wagon leave the service station; the attendant discovered that a revolver which he had kept under the counter and which had contained two bullets was missing; shortly after the robbery, an officer heard a shot fired while he was pursuing a green station wagon; the station wagon was found on a dead end street with the engine running and no one inside; an empty cash register drawer was found in the station wagon; the station wagon was owned by a codefendant who was found early the next morning in a stolen car with $1,039 in cash; the revolver which had been taken from the service station was found on the person of defendant when he was arrested some nine hours after the robbery; the revolver contained one bullet and one spent shell; at the time of his arrest, defendant was wearing a light blue leisure jacket matching the description of the one worn by one of the robbers; and defendant falsely told the arresting officer that he worked at a nearby mill.

2. **Robbery § 6.1 — plea bargain in another case — consecutive sentence required in retrial**

   Although defendant's plea bargain in a common law robbery case provided that the sentence would run concurrently with the sentence imposed in defendant's first trial for armed robbery, the trial judge at defendant's retrial for armed robbery was required by G.S. 14-87(d) to order defendant's sentence for armed robbery to begin at the expiration of the sentence being served by defendant for common law robbery.

   Judge BECTON concurring.

APPEAL by defendant from *Walker, Judge.* Judgments entered 28 November 1984 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 21 October 1985.

Defendant was charged in an indictment, proper in form, with armed robbery. He was also charged with the misdemeanor offense of carrying a concealed weapon. Defendant was tried and found guilty of both offenses. From judgments imposing sentences of fourteen years for the armed robbery and six months for carrying a concealed weapon, defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General William F. O'Connell, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Leland Q. Towns, for defendant, appellant.*

HEDRICK, Chief Judge.

This case is before this Court on appeal from defendant's second trial; defendant was granted a new trial by our Supreme Court in *State v. Woods,* 311 N.C. 80, 316 S.E. 2d 229 (1984).

[1] On this appeal, defendant first assigns error to the trial court's denial of his motion to dismiss.

At trial the State presented evidence tending to show the following: Stephen Douglas Dunn was working at a service station in Candor, North Carolina on 22 November 1981. At approximately 9:00 p.m. a masked man, carrying a gun, entered the store and demanded the money from the cash register. A customer drove up to the gas pumps and the masked man panicked and ran behind the counter. Dunn gave him the entire cash register drawer, which contained approximately $1,300. A second masked man entered the store wearing a light blue leisure jacket and said to the first man, "There is someone coming." Both men fled. Dunn ran outside and saw a dark green Buick station wagon leave the service station. Dunn later noticed that his RG-38 revolver, which he kept under the counter, was missing. He had seen his gun under the counter a minute before the masked men entered the store. The gun had contained two bullets.

Biscoe Police Officer Davis observed a green station wagon at 9:10 p.m. about four miles from the service station. He pursued the vehicle, and heard a shot fired. The car was found on a dead end street with the engine running and no one inside. A search of the car revealed various items of clothing and an empty cash register drawer. The car was owned by Oscar Garcia Gonzalés of High Point, North Carolina. Gonzales was found at 4:00 a.m. on 23 November 1981 in a stolen car with $1,039 in cash.

Police Chief W. L. Batten of the Star Police Department received a call at 6:30 a.m. on 23 November 1981 that a supicious person was in the Quik Chek store. At the store he observed defendant wearing a blue leisure jacket. Defendant told Batten that he worked in a mill near the traffic light. (There were no mills near the only traffic light in town.) Batten searched defendant, found the RG-38 revolver, and arrested him for carrying a concealed weapon. The gun, which contained one bullet and one spent shell, was identified by Dunn.

Defendant did not present any evidence.

In considering defendant's motion to dismiss the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant

was the perpetrator of the offense. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). The evidence, whether circumstantial or direct, must be considered in the light most favorable to the State. *State v. Bright*, 301 N.C. 243, 271 S.E. 2d 368 (1980).

As neither perpetrator was identified by Dunn, the State relied on the doctrine of possession of recently stolen goods to link defendant to the crime. This doctrine holds that the possession of stolen property recently after the theft and without the intervening agency of others, raises an inference that the person in possession of the property is the thief. *State v. Woods, supra.* To invoke the doctrine of possession of recently stolen goods the State must prove beyond a reasonable doubt that (1) the property was stolen; (2) the stolen goods were found in defendant's custody and control, to the exclusion of others; and (3) the possession was recently after the commission of the larceny. *State v. Woods, supra.* In the instant case we find that there was sufficient evidence that the stolen money and gun were found in the possession of Gonzales and defendant shortly after the robbery to invoke this doctrine.

Although defendant was found in possession of the gun, the evidence tends to show that he also stole the cash, under the doctrine of acting in concert. Under this doctrine defendant must be present at the scene of the crime and there must be evidence that defendant was acting together with another who is doing acts necessary to constitute the crime, pursuant to a common plan or purpose to commit the crime. *State v. Woods, supra; State v. Joyner*, 297 N.C. 349, 255 S.E. 2d 390 (1979). We find that the evidence, viewed in the light most favorable to the State, was sufficient to permit the inference that defendant stole both Dunn's gun and the cash, and, thus, withstands defendant's motion to dismiss. Defendant's assignment of error is overruled.

[2] In his second assignment of error defendant argues that the trial court erred in ordering his sentence to begin at the expiration of a sentence imposed at a previous Davidson County common law robbery case when his plea bargain in that case provided that the sentence would run concurrently with the sentence imposed in defendant's first trial for this offense.

G.S. 14-87(d) provides in pertinent part:

> A person convicted of robbery with firearms or other
> dangerous weapons shall receive a sentence of at least 14
> years in the State's prison. . . . Sentences imposed pursuant
> to this section shall run consecutively with and shall com-
> mence at the expiration of any sentence being served by the
> person sentenced hereunder.

The trial judge was required to order defendant's sentence to
begin at the expiration of his current sentence imposed in David-
son County. The judge had no discretion, but was compelled to
follow the unambiguous requirement set forth in G.S. 14-87(d).
This assignment of error is overruled.

We have carefully considered defendant's assignments of er-
ror and find

No error.

Judge BECTON concurs in the result.

Judge PARKER concurs.

Judge BECTON concurring.

In my view, our conclusions regarding the substantive non-
suit issue and the procedural sentencing issue are compelled by
case law and rules of statutory construction. That the legislature
may not have contemplated the unique factual situation presented
in this case does not require a remand. The critical language of
N.C. Gen. Stat. Sec. 14-87(d) is clear: "Sentences imposed pursuant
to this Section shall run consecutively with and shall commence at
the expiration of any sentence being served by the person sen-
tenced hereunder." This language does not allow the construction
urged by defendant—"The . . . language, 'any sentence being
served' should be construed as referring to any prison sentence
or term imposed prior to the original conviction." Nor am I per-
suaded by defendant's implicit argument that, since his original
Montgomery County sentences (twenty years for armed robbery
and six months for carrying a concealed weapon) were vacated
when he was granted a new trial in *State v. Woods*, 311 N.C. 80,
316 S.E. 2d 299 (1984), there was no "sentence being served" to
which the ten-year concurrent Davidson County sentence could at-

tach. The Davidson County sentence is not before us for review. And we hardly could be expected to vacate that sentence if, for example, our Supreme Court had reversed defendant's Montgomery County convictions instead of merely granting defendant a new trial.

On the other hand, I am troubled that the defendant, who plea-bargained in Davidson County for a ten-year sentence to run concurrently with earlier sentences totalling twenty years and six months in Montgomery County, now finds himself facing sentences totalling twenty-four years as a result of his successful appeal of the Montgomery County convictions. Consequently, I have concurred not to suggest that defendant's ten-year sentence in Davidson County should run concurrently with the fourteen-year sentence imposed at his retrial in Montgomery County, nor to suggest that defendant should get the benefit of his bargain and not be exposed to a total prison term exceeding twenty years and six months. Rather, I concur to point out that the legislature in enacting G.S. Sec. 14-87(d) may not have contemplated the peculiar factual situations presented by this case, and to note, as the State did in its brief, that "additional proceedings in the Davidson County case wherein the plea bargain was apparently made might be the appropriate avenue of relief for any inequity resulting to this defendant."