STATE OF NORTH CAROLINA v. CARLOUS R. ROBINSON

No. 864SC390

(Filed 21 October 1986)

1. **Constitutional Law § 31— trial of defendant's sister—no right to transcript**
    Defendant was not entitled to a transcript of his sister's trial, though they were charged with the same offense arising out of the same incident.

2. **Criminal Law § 113.7— acting in concert—instructions proper**
    In a prosecution of defendant for manslaughter which occurred during an exorcism, the trial court properly instructed the jury on acting in concert

State v. Robinson

where the evidence tended to show that defendant was with deceased from the beginning of the "ceremony" until he was declared dead by the rescue squad; defendant and his sister choked deceased until he was crying out and vomiting; and defendant and his sister committed these culpably negligent acts pursuant to the common purpose of ridding the child of demons.

3. **Criminal Law § 117.2— interested witnesses—instructions proper**

In a prosecution for manslaughter there was no merit to defendant's contention that the trial court erred in denying his request that the jury be instructed that the father of the victim was an interested witness, since the court properly instructed the jury on interested witnesses.

APPEAL by defendant from *Stevens, Judge.* Judgment entered 20 November 1985 in Superior Court, ONSLOW County. Heard in the Court of Appeals 22 September 1986.

Defendant was charged in a proper bill of indictment with manslaughter concerning the death of four-and-a-half-year-old Dennis James Taylor, Jr. on 22 August 1985 in Jacksonville, North Carolina. The State presented evidence at trial which tended to show the following facts. Defendant, a sixteen-year-old self-proclaimed preacher and his twenty-one-year-old sister took the decedent and his mother at approximately nine o'clock p.m. to a building which they were planning to use for a church. Defendant and his sister believed that the child was possessed by demons and that he was in need of an exorcism. After the boy's father arrived at the "church," defendant and his sister performed a "ceremony" which lasted until three o'clock in the morning. During this ceremony, both the defendant and his sister grabbed the child by the neck and throat and shook him. The ceremony ended when the boy appeared limp and lifeless.

Afterwards, everyone went to the Taylor home where the boy was bathed and there was more praying. Upon the father's announcement that he intended to call the rescue squad, defendant objected and instead suggested they call a minister who was a mutual friend. When the minister arrived he noticed the boy's lifeless appearance and he advised that the rescue squad be summoned.

The rescue squad determined the child to be dead. The authorities immediately were summoned. Later it was concluded that Dennis James Taylor, Jr. died of asphyxia brought about by manual strangulation.

Defendant and his sister were both charged with involuntary manslaughter. Defendant's sister was tried earlier and convicted. On 13 November 1985, defendant filed a motion asking for a transcript of his sister's trial. Defendant also requested a continuance until the transcript could be obtained. The trial court denied this motion.

At the close of the State's evidence and again at the close of all evidence, defendant moved to dismiss the charges against him. The trial court denied these motions. Defendant was convicted of involuntary manslaughter and sentenced to five years imprisonment, to be served as a youthful offender. From this judgment, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Guy A. Hamlin, for the State.*

*Billy G. Sandlin for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends the trial court erred in denying his request for a transcript of his sister's trial. We disagree.

It is established that all defendants, including indigent parties, are entitled to transcripts when appealing to a higher court or upon retrial when necessary for an effective defense. *See State v. Reid,* 312 N.C. 322, 321 S.E. 2d 880 (1984); *State v. Rankin,* 306 N.C. 712, 295 S.E. 2d 416 (1982); *State v. McNeill,* 33 N.C. App. 317, 235 S.E. 2d 274 (1977). Defendant, however, is asking for the transcript of another. There is no statute or precedent which requires that a defendant be given a transcript of another's trial, regardless of the fact that the other party is a codefendant. We decline to establish such a rule.

[2] Defendant next contends that the trial court erred in instructing the jury on acting in concert. Before the court can instruct the jury on the doctrine of acting in concert, the State must present evidence tending to show two factors: (1) that defendant was present at the scene of the crime, and (2) that he acted together with another who did acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime. *State v. Joyner,* 297 N.C. 349, 255 S.E. 2d 390 (1979); *State v. Woods,* 77 N.C. App. 622, 336 S.E. 2d 1 (1985). Defendant was

with the deceased from the beginning of the "ceremony" until he was declared dead by the rescue squad. Therefore, the first requirement is satisfied.

Defendant argues that the second requirement is not met because there can be no common plan or scheme to commit a culpably negligent act. We disagree.

There was evidence that defendant and his sister choked Dennis James Taylor, Jr. until he was crying out and vomiting. These acts constitute culpable negligence. Defendant and his sister committed these culpably negligent acts pursuant to the common purpose of ridding the child of demons. The second requirement is satisfied. Because both requirements were met in the case *sub judice*, the trial court properly instructed the jury on acting in concert.

[3] Defendant next argues that the trial court erred in denying his request that the jury be instructed that Dennis James Taylor, Sr. was an interested witness. We disagree.

The trial court instructed the jury in the following manner:

> You may find that a witness is interested in the outcome of this trial. In deciding whether or not to believe such a witness, you may take the interest of the witness into account. If after doing so you believe the testimony of the witness in whole or in part, you will treat that which you believe the same as any other believable evidence.

We find no error in the judge's instruction on this matter.

Defendant lastly contends that the trial court erred in not allowing defendant's motion for judgment as of nonsuit or to dismiss the charges at the close of the State's evidence and at the close of all evidence and by denying defendant's motion to set aside the verdict. We have reviewed the contentions above and find them to be without merit.

No error.

Chief Judge HEDRICK and Judge ORR concur.