STATE OF NORTH CAROLINA
v.
ANTONIO L. GASKINS
No. COA09-43
Court of Appeals of North Carolina
Filed July 21, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Kevin G. Mahoney, for the State.
Sue Genrich Berry, for defendant-appellant.
JACKSON, Judge.
Antonio L. Gaskins ("defendant") appeals his 17 September 2008 convictions for trafficking in cocaine by transportation and trafficking in cocaine by possession. For the reasons stated below, we hold no error.
On 24 October 2007, defendant was driving a vehicle resembling one that had been involved in several armed robberies, for which the Charlotte Mecklenburg Police Department was "on the lookout." Officer Timothy Keifer ("Officer Keifer") and Officer Michael A. Sardo ("Officer Sardo") followed defendant's vehicle until it turned into a driveway, at which point they initiated a traffic stop.
Defendant started to exit the vehicle, throwing something to the ground. Officer Keifer ordered defendant to get back into the vehicle. Defendant got back in, but a passenger got out. The passenger had a beer bottle in his hand. Officer Sardo approached the vehicle on the passenger's side while Officer Keifer approached on the driver's side. Officer Matthew Montgomery ("Officer Montgomery") had arrived to assist with the traffic stop. He saw defendant reach for something and advised the other officers about what he saw. Officers Keifer and Sardo drew their guns and continued to approach the vehicle. As they approached, Officer Keifer instructed defendant to show his hands.
When he got to the driver's door, Officer Keifer saw defendant "smashing the gas pedal" and "trying to get it in drive or into reverse unsuccessfully." Defendant then reached down into the console and onto the passenger's side, attempting to reach the floorboard. Officer Keifer moved toward the front of the vehicle because it was easier to view defendant's movements through the front window. In addition to his prior motions, Officer Keifer observed defendant putting something in his mouth, shoving something underneath himself, and making other "fervent movements."
Officer Keifer instructed defendant to unlock the door and get out of the vehicle; he did not. Officer Kefier had nothing with which to break the window, so Officer Montgomery brought him a flashlight. Officer Montgomery then struck the window several times with the flashlight, eventually breaking it. A "haze of powder" came out of the vehicle.
Defendant refused to unlock the door or get out, so the officers reached in through the broken window to unlock the door. They opened the door and Officer Keifer grabbed defendant, attempting to pull him out of the vehicle. Defendant was holding onto the steering wheel. With Officer Montgomery's assistance, Officer Keifer was able to remove defendant from the vehicle. Officers Keifer and Montgomery, with other officers' help, were able to wrestle defendant to the ground, taser him, and eventually secure him in handcuffs.
During a subsequent search of the vehicle, Officer Montgomery located a bag of cocaine in the sunglasses holder. Officer Keifer collected that bag, plus another he found in the passenger's side door. He also collected cocaine from the driver's side running board. He recovered chunks of cocaine from the ground. In all, Officer Keifer collected approximately seventy-eight grams of cocaine. He also collected drug paraphernalia, including sandwich bags and a digital scale, as well as $320.00.
A grand jury indicted defendant on 5 November 2007. His case was called for trial on 15 September 2008. On 17 September 2008, a jury found him guilty of trafficking in cocaine by possession and trafficking in cocaine by transportation. The trial court determined that he had a prior record level of II and sentenced him to thirty-five to forty-two months in the custody of the Department of Correction. Defendant appeals.
Defendant first argues that the trial court erred in admitting evidence of prior bad acts because use of the evidence was not disclosed in a timely manner. Defendant contends that a discovery violation occurred and that the trial court abused its discretion in fashioning its remedy. We disagree.
"The sanction for failure to make discovery when required is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion." State v. Herring, 322 N.C. 733, 747-48, 370 S.E.2d 363, 372 (1988); accord State v. King, 311 N.C. 603, 619, 320 S.E.2d 1, 11 (1984). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." State v. Riddick, 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986) (citing State v. Hayes, 314 N.C. 460, 471, 334 S.E.2d 741, 747 (1985); White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).
On the Friday before trial, the prosecutor assigned to the case first became aware that defendant had been arrested on another occasion by Officer Anthony E. Hall ("Officer Hall"). However, the prosecutor was on his way out-of-town to be with his dying grandmother and was unable to pursue that information. At calendar call on Monday morning, a new prosecutor had taken the file and was preparing to try the case. The trial began Monday afternoon.
On Tuesday morning, prior to the resumption of court, the State informed defense counsel of the possibility of offering the evidence. Then, during proceedings, the prosecution received the file on the other case and briefly spoke to Officer Hall. At the morning break, the prosecution informed the court of Officer Hall's arrest of defendant under facts similar to those involved in this case. The trial court took an extended lunch break to allow (1) the State to show defense counsel all the information it had on Officer Hall's arrest, (2) both sides to review and discuss the evidence, and (3) defense counsel to interview Officer Hall.
The trial court determined that neither the State nor law enforcement had made deliberate attempts to conceal the information or to gain any advantage from it. The State had not had an opportunity to investigate the information and had provided it to defense counsel as soon as possible.
Defendant contends that the issue was not whether the information was required to be disclosed, but whether the timing of the disclosure required that the evidence be excluded or that a continuance be granted to allow defense counsel time to prepare the defense accordingly. However, when counsel requested a continuance, he informed the trial court that he did not really want a continuance, but felt responsible to ask for one. Defense counsel had approximately the same amount of time as the State to prepare to address the newly discovered evidence.
We can discern no abuse of discretion by the trial court in the manner it treated the disclosure of the evidence or in the amount of time given to become familiar with it. Accordingly, this assignment of error is overruled.
Defendant next argues that the trial court abused its discretion in admitting the evidence because the other incident was not sufficiently similar to the incident being tried such that this evidence was not more probative than prejudicial, pursuant to the North Carolina Rules of Evidence. We disagree.
Rule 404(b) of the North Carolina Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007). However, such evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." Id. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" N.C. Gen. Stat. § 8C-1, Rule 403 (2007).
Evidence admitted pursuant to Rule 404(b), and the offense for which the defendant is being tried, must not be too dissimilar to, or excessively remote in time from, each other. State v. Artis, 325 N.C. 278, 299-300, 384 S.E.2d 470, 481-82 (1989), sentence vacated on other grounds, 494 U.S. 1023, 108 L. Ed. 2d 604 (1990). It is within the trial court's discretion to determine whether to exclude evidence pursuant to Rule 404(b). State v. Aldridge, 139 N.C. App. 706, 714, 534 S.E.2d 629, 635 (citing State v. Anderson, 350 N.C. 152, 175, 513 S.E.2d 296, 310, cert. denied, 528 U.S. 973, 145 L. Ed. 2d 326 (1999)), disc. rev. denied and appeal dismissed, 353 N.C. 269, 546 S.E.2d 114 (2000).
At trial, over defendant's objection, the State introduced evidence that on 23 June 2008, Officer Hall of the Charlotte Mecklenburg Police Department initiated a traffic stop of defendant's vehicle for failure to use headlights at night. After being pulled over, defendant attempted to pour a white, pasty substance out of a plastic bag. When Officer Hall told defendant to stop and show his hands, defendant continued pouring. Officer Hall eventually secured defendant, who was covered with the pasty substance. The vehicle also had a white, pasty substance in it.
After searching the vehicle, Officer Hall discovered a plastic bag of suspected cocaine in the center console, weighing 8.6 grams, and another wrapped in a dollar bill that weighed 1.3 grams. Two white mounds of a pasty substance were on the floorboard. They appeared to be wet from the contents of an open beer can. Defendant had an adult passenger in the front seat and his three-year-old daughter in the back seat.
This evidence was admitted for the purpose of showing opportunity and intent, knowledge, lack of mistake, and lack of accident on defendant's part. The jury was instructed that it was to consider the evidence for those limited purposes and for no other purpose.
In both incidents, defendant was driving a vehicle involved in a traffic stop  on 24 October 2007 on suspicion of involvement in armed robberies and on 23 June 2008 for driving at night without headlights. In both incidents defendant opened the driver's side door and disposed of something  on 24 October 2007 an unidentified object and on 23 June 2008 a white, pasty substance. In both incidents defendant did not comply with instructions  on 24 October 2007 to keep his hands visible, unlock the door, and get out of the vehicle and on 23 June 2008 to stop and show his hands. In both incidents, there was an open container of beer in the vehicle. In both incidents a large quantity of white substance was present  on 24 October 2007 a substance which proved to be powder cocaine and on 23 June 2007 a white substance apparently mixed with beer. In both incidents defendant attempted to dispose of the white substance  on 24 October 2007 by ingesting it and on 23 June 2008 by pouring it out. These two incidents occurred within eight months of each other.
Based upon these similarities, we can discern no abuse of discretion in the trial court's admission of this evidence. Accordingly, this assignment of error is overruled.
Finally, defendant argues that the trial court erred in instructing the jury on the theory of acting in concert when charges against the co-defendant had been dismissed. We disagree.
Assignments of error challenging the trial court's decisions regarding jury instructions are reviewed de novo by this Court. See, e.g., State v. Ligon, 332 N.C. 224, 241-42, 420 S.E.2d 136, 146 (1992); State v. Levan, 326 N.C. 155, 164-65, 388 S.E.2d 429, 433-34 (1990). Once a defendant has shown error, we review the record de novo to determine whether the defendant has established prejudice. N.C. Gen. Stat. § 15A-1443(a) (2007); State v. Weaver, 123 N.C. App. 276, 286, 473 S.E.2d 362, 368, disc. rev. and cert. denied, 344 N.C. 636, 477 S.E.2d 53-54 (1996).
Before the court can instruct the jury on the doctrine of acting in concert, the State must present evidence tending to show two factors: (1) that defendant was present at the scene of the crime, and (2) that he acted together with another who did acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.
State v. Robinson, 83 N.C. App. 146, 148, 349 S.E.2d 317, 319 (1986) (citing State v. Joyner, 297 N.C. 349, 255 S.E.2d 390 (1979); State v. Woods, 77 N.C. App. 622, 336 S.E.2d 1 (1985)).
Here, defendant and his passenger both were present in the vehicle where bags of cocaine were stored throughout. A large bag of cocaine, as well as a digital scale, were recovered from the passenger side door. A large bag of cocaine was recovered from the running board of the driver's side door. Defendant and his passenger were close enough to each other and to the cocaine for each to possess the cocaine individually and to assist the other in possessing it. These facts were sufficient to warrant a jury instruction on acting in concert.
There are a multitude of reasons the State may elect to dismiss charges against a co-defendant, only one of which is that the party is actually innocent. The fact that charges against the passenger had been dismissed are immaterial to whether there was evidence presented sufficient to warrant the instruction. This assignment of error is overruled.
Having found no merit in defendant's arguments, we hold no error in the trial below.
No error.
Judges McGEE and ERVIN concur.
Report per Rule 30(e).