STATE OF NORTH CAROLINA v. DARRIUS LAVALE TYSON

No. COA11-1078

(Filed 15 May 2012)

**Pretrial proceedings—transcript of prior proceedings—indigent defendant—denial of transcript—erroneous**

The trial court erred in a robbery with a dangerous weapon case by denying defendant's request for a transcript of the proceedings in his first trial prior to any retrial. The trial court's findings of fact failed to satisfy the two-part test enumerated in *State v. Rankin*, 306 N.C. 712, for determining whether a transcript must be provided to an indigent defendant.

Appeal by defendant from judgment entered 23 February 2011 by Judge Paul C. Ridgeway in Durham County Superior Court. Heard in the Court of Appeals 30 April 2012.

*Attorney General Roy Cooper, by Special Deputy Attorney General Scott T. Slusser, for the State.*

*Sue Genrich Berry for defendant-appellant.*

GEER, Judge.

Defendant Darrius Lavale Tyson contends on appeal that his right to equal protection of the law was violated because the trial court improperly denied his motion to be provided with a transcript before retrial after his first trial resulted in a mistrial. As the oral findings of the trial court do not reflect the legal standard required by controlling caselaw, we remand to the trial court for a new trial.

Defendant was indicted for robbery with a dangerous weapon. Defendant's case first came on for trial on 21 February 2011. However, the jury was unable to reach a unanimous verdict, and the trial court declared a mistrial on 23 February 2011.

The trial court proposed setting the retrial of defendant to begin the next day, 24 February 2011. Defendant objected, arguing in part that he wanted a transcript of the testimony of the State's witnesses from the first trial before starting the retrial. The trial court overruled defendant's objections and set the retrial to begin the next day.

The next morning, defendant renewed his request for a transcript of the first trial, and that request was again denied. The jury for the second trial found defendant guilty. The trial court sentenced him to a presumptive-range term of 67 to 90 months imprisonment. Defendant timely appealed to this Court.

---

Defendant contends that the trial court erred in denying his request for a transcript of the proceedings in his first trial prior to any retrial. Defendant argues that the trial court's denial of his motion violated his constitutional right to present a complete defense and the constitutional requirement that the State provide him with the basic tools of an adequate defense. We agree.

It is well established that "the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to

other prisoners." *Britt v. North Carolina*, 404 U.S. 226, 227, 30 L. Ed. 2d 400, 403, 92 S. Ct. 431, 433 (1971). These basic tools include "a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Id.*

In determining whether a transcript must be provided to an indigent defendant, the courts must apply a two-step test and decide: "(1) whether a transcript is necessary for preparing an effective defense and (2) whether there are alternative devices available to the defendant which are substantially equivalent to a transcript." *State v. Rankin*, 306 N.C. 712, 716, 295 S.E.2d 416, 419 (1982). When a trial court denies a defendant's motion for a transcript of prior proceedings "without evidence or findings that defendant had no need for a transcript or that there was available to defendant a substantially equivalent alternative" and proceeds without defendant's having been furnished a transcript of the prior proceedings, the defendant is entitled to a new trial. *State v. Reid*, 312 N.C. 322, 323, 321 S.E.2d 880, 881 (1984).

Here, at the close of the first trial, the trial court overruled defendant's objection to his immediate retrial without a copy of the transcript, stating:

> I do not find that the anticipation or the speculation that a witness may get on the stand and alter their testimony to be sufficient basis to delay a trial so that a transcript can be produced. If in fact testimony is altered and there is some prejudice that can be shown, or the need for a transcript—and obviously, this last trial was of record and we can take measures to ensure that the rights of all parties are adequately protected. So for those reasons, I'm going to overrule the objections and start this trial at 9:30 a.m. tomorrow.

At the beginning of the retrial, the trial court denied defendant's renewed request for a transcript, stating:

> And again, if needing a transcript of a prior trial is based on speculation that a witness will take the stand and alter their testimony to be inconsistent from that which they gave at a prior trial, at this point that is just pure speculation. If that occurs, there are means that we can take to ensure that the defendant's due process rights are protected.

We hold that these findings are not sufficient under the *Rankin* two-part test. Defendant, in this case, argued he needed the transcript to effectively cross-examine the State's witnesses, just as the defend-

**STATE v. TYSON**

[220 N.C. App. 520 (2012)]

ant in *Reid* argued. *Id.* The trial court's ruling in this case that defendant's asserted need constituted mere speculation that a witness might change his or her testimony would apply in almost every case. A defendant would rarely if ever be able to show that the State's witnesses would in fact change their testimony. The trial court's ruling makes no determination why, in this particular case, defendant had no need for a transcript, especially in light of the fact that the State's case rested entirely on the victim's identification of defendant as the perpetrator.

Further, the finding that the trial court could take "measures" or had "means" to protect defendant's rights, without any explanation of what those measures or means would be, is not sufficient to establish that there were alternative devices available to defendant that were substantially equivalent to a transcript. Accordingly, defendant is entitled to a new trial. *See id.* ("Under these circumstances, requiring defendant to be retried without providing him with a transcript of his first trial is error entitling defendant to a new trial."). Because of our disposition of this appeal, we need not address defendant's remaining argument.

New trial.

Judges BRYANT and ROBERT N. HUNTER, JR. concur.