IN THE MATTER OF: CEDRIC STEELE, JUVENILE

No. 7426DC67

(Filed 16 January 1974)

**Infants § 10— delinquent child petition — findings required in order**
  In disposing of a delinquent child petition the trial court is not required by G.S. 7A-286 to make detailed findings of fact with respect to available home and community resources before committing a juvenile to the Board of Youth Development.

APPEAL by Juvenile Steele from *Johnson, Judge,* 24 September 1973 Session, Juvenile District Court Divison, MECKLENBURG County.

This fifteen-year-old juvenile was tried on a petition alleging:

"3. That the child is a delinquent child as defined by G.S. 7A-278(2), in that at and in the county named above and on or about the 6th day of August, 1973, the child did unlawfully and wilfully assault Dennis Gaines, 433 Sylvania Avenue, Charlotte, N. C., with a .22 Caliber pistol, a deadly weapon, by shooting him in the left side of the head above the left eye, as he walked down the 1900 block of Bancroft Street, Charlotte, N. C. Dennis Gaines required approximately 14 stitches for the head wound in the emergency room at Memorial Hospital.

In re Steele

The offense charged here is in violation of G.S. 14-33 (b) 1."

The hearing was conducted on 26 September 1973, with no formal record of testimony being preserved. The trial judge summarized the evidence which he heard, and this summary discloses that Dennis Gaines was a distant relative of the juvenile Steele and lived in the same vicinity. Gaines, on the afternoon of August 6, 1973, left his summer employment and was walking towards his home. Gaines was kicking or throwing rocks and gravel in front of him as he walked along the street. He saw the juvenile Steele and a group of youths approaching, and they called out and told him to stop throwing rocks at them. Gaines did stop kicking or throwing rocks and then Steele approached him and pulled a pistol from somewhere about his person and said, "Freeze, man," or "I'm going to shoot you." The pistol was fired, and the bullet struck Gaines above his left eye. Gaines was not rendered unconscious and Steele attempted to wrap a shirt around his head to stop the bleeding and then went with Gaines to the home of Gaines where Gaines was then taken to the hospital. Gaines had 14 stitches taken in the wound and was still receiving treatment for possible eye damage. Gaines had said nothing to Steele on this occasion and Gaines had not known Steele to carry a pistol prior to this. Steele did not testify at the hearing but tendered testimony to the effect that he and a group of male youths were going to play basketball when they saw Gaines approaching about 40 yards away and that Gaines was throwing rocks at the time and was asked to stop doing so. Steele did not know that the pistol would fire and did not remember pulling the trigger. The mother of Steele offered to pay the medical expenses of Gaines and had told the mother of Gaines that she would do so.

The following order was entered by the presiding judge.

"Juvenile Order

This Cause Coming on to Be Heard and being heard this the 26th day of September, 1973, of a petition dated the 5th day of September, 1973, alleging that the above named juvenile is delinquent. Said juvenile appeared in Court accompanied by Mr. Donald S. Gillespie, Attorney at Law, his mother, Ms. Darthula Steele and witnesses for the State: Dennis Gaines and Mrs. Mary Gaines.

In re Steele

Said juvenile, through counsel, in open Court, AD-MITTED the allegations as alleged in the petition dated September 5, 1973.

THE COURT FINDS AS A FACT that Cedric Steele did on or about the 6th day of August 1973, unlawfully and wilfully assault Dennis Gaines, 433 Sylvania Avenue, Charlotte, North Carolina, with a .22 Caliber pistol, a deadly weapon, by shooting him in the left side of the head above the left eye, as he walked down the 1900 block of Bancroft Street, City. The said Dennis Gaines required approximately 14 stitches for the head wound in the emergency room at Memorial Hospital, and THE COURT FURTHER FINDS AS A FACT that the above named juvenile is DELINQUENT with respect thereto.

THE COURT MAKES THE FURTHER FOLLOWING FINDINGS OF FACT:

(1) that said juvenile's behavior constitutes a threat to persons and or property in the community and further constitutes a threat to his own personal welfare and safety;

(2) that the community resources and or community-level alternatives available would not meet the needs of the juvenile; and

(3) that it would be in the best interest and welfare of the above named juvenile that he be committed to the Board of Youth Development for an indeterminate period of time, not to exceed his 18th birthday, therefore,

IT IS ORDERED, ADJUDGED AND DECREED that the above named juvenile, one Cedric Steele, be COMMITTED to the BOARD OF YOUTH DEVELOPMENT for an indeterminate period of time, however, not to exceed his 18th birthday. Said juvenile to be detained at the Juvenile Diagnostic Center pending his placement by the Board of Youth Development. The Juvenile Diagnostic Center is hereby authorized to render to said juvenile such medical and surgical care as may be prescribed for him by a licensed physician.

THIS the 26th day of September, 1973.

C. E. JOHNSON
Presiding Judge"

In re Steele

To the entry of this Order, the juvenile duly excepted and appealed; and in addition thereto, the juvenile requested that he not be committed pending the disposition of the appeal. This request was denied, and the terms of commitment in the order of 26 September 1973 were left in full force and effect. The juvenile excepted and assigned this as error.

*Attorney General Robert Morgan by Associate Attorney William Woodward Webb and Assistant Attorney General Parks Icenhour for the State.*

*Donald S. Gillespie, Jr., for Juvenile Appellant.*

CAMPBELL, Judge.

The appellant asserts that there was error in the trial for that the trial court did not make sufficient findings of fact in order to adequately dispose of the case. The appellant asserts that before disposing of the case, the trial judge should make an in-depth study of available home or community resources before committing a juvenile to the Board of Youth Development; that such a study is contemplated by the statute, G.S. 7A-286, and that the court order should reveal that such a study has been made and that complete findings of fact to this effect should be incorporated in the order. We agree that the statute gives the trial judge ample tools to make a study in order to dispose of the case "to provide such protection, treatment, rehabilitation or correction as may be appropriate in relation to the needs of each child subject to juvenile jurisdiction and the best interest of the State." We do not think, however, that it is incumbent upon the trial judge to incorporate detailed findings of fact in his order. We think the order in the instant case was adequate and was supported by the evidence.

No error.

Judges HEDRICK and BALEY concur.