IN THE MATTER OF VICKIE LYNN HARDY

No. 7812DC834

(Filed 6 February 1979)

**Infants § 20— delinquent child proceeding—failure of court to make required findings**

> In a delinquent child proceeding where the evidence tended to show that respondent drank a beer and pushed her foster mother, the trial court erred in committing respondent to a training school without first finding that respondent would not adjust in her home, albeit a foster one, on probation or while other services were furnished. G.S. 7A-286(5).

APPEAL by respondent from *Carter, Judge.* Order entered 25 May 1978 in District Court, CUMBERLAND County. Heard in the Court of Appeals 10 January 1979.

On 17 May 1978, petitions were filed alleging that respondent was a delinquent child as defined by G.S. 7A-278(2). More specifically, the first petition alleged:

"That the child is a delinquent child as defined by GS 7A-278(2) in that at and in the county named above and on or about the 16th day of May, 1978, the child did unlawfully and wilfully possess a bottle of beer as defined by GS 18A-2. The child on said date being a minor under 18 years of age.

The offense charged here is in violation of GS 18A-8(2)."

The second petition alleged:

"That the child is a delinquent child as defined by GS 7A-278(2) in that at and in the county named above and on or about the 16th day of May, 1978, the child did unlawfully and wilfully assault her foster mother by pushing her.

The offense charged here is in violation of GS 14-33(a)."

The adjudicatory hearing was conducted 25 May 1978. The court found respondent a delinquent child. At the dispositional hearing, Mrs. Susan Westbrook, a social worker, testified that Vickie's mother could no longer control her. She also testified as to disciplinary problems respondent had in her foster home and at school. Mrs. Westbrook testified as to the unavailability of community agencies to place Vickie. Finally, she stated:

"[A]t this time Vickie needs a structured environment, such as a training school, while we work on a placement for her that would be more suitable. At this time we have no way to keep her in one spot and make sure that she is okay, because she will not listen to the parents or authorities."

The court entered a commitment order, from which respondent appeals.

*Attorney General Edmisten, by Associate Attorney Steven Mansfield Shaber, for the State.*

*Public Defender Mary Ann Tally, by Assistant Public Defender Rebecca J. Bosley, for respondent appellant.*

ERWIN, Judge.

Respondent assigns as error the trial court's order committing her to training school without making two of the findings required by G.S. 7A-286(5). This assignment has merit. G.S. 7A-286(5) provides in relevant part:

"In the case of a child who is delinquent, the court may commit the child to the Department of Human Resources, for placement in one of the residential programs operated by the Department, provided the court finds that such child meets each of the following four criteria for commitment to an institution and supports such finding with appropriate findings of fact in the order of commitment as follows:

   a. The child has not or would not adjust in his own home on probation or while other services are being provided;

   b. Community-based residential care has already been utilized or would not be successful or is not available;

   c. The child's behavior constitutes some threat to persons or property in the community or to the child's own safety or personal welfare."

G.S. 7A-286(5) requires the trial court to find that a delinquent child meets each of the listed criteria before commitment.

In *In re Steele*, 20 N.C. App. 522, 525, 201 S.E. 2d 709, 712 (1974), we held that it was not incumbent upon the trial judge to incorporate detailed findings of fact in his juvenile commitment order. We said: "We do not think, however, that it is incumbent upon the trial judge to incorporate detailed findings of fact in his order. We think the order in the *instant* case was adequate and was supported by the evidence." (Emphasis added.)

In *Steele, supra*, the respondent had, without provocation, pulled a pistol and shot another youth causing serious injury. The court's dispositional order made the following findings of fact:

"THE COURT MAKES THE FURTHER FOLLOWING FINDINGS OF FACT:

   (1) that said juvenile's behavior constitutes a threat to persons and or property in the community and further constitutes a threat to his own personal welfare and safety;

   (2) that the community resources and or community-level alternatives available would not meet the needs of the juvenile; and

(3) that it would be in the best interest and welfare of the above named juvenile that he be committed to the Board of Youth Development for an indeterminate period of time, not to exceed his 18th birthday, therefore,

IT IS ORDERED, ADJUDGED AND DECREED that the above named juvenile, one Cedric Steele, be COMMITTED to the BOARD OF YOUTH DEVELOPMENT for an indeterminate period of time, however, not to exceed his 18th birthday. Said juvenile to be detained at the Juvenile Diagnostic Center pending his placement by the Board of Youth Development. The Juvenile Diagnostic Center is hereby authorized to render to said juvenile such medical and surgical care as may be prescribed for him by a licensed physician.

THIS the 26th day of September, 1973.

> C. E. JOHNSON
> Presiding Judge."

*Id.* at 524, 201 S.E. 2d at 711. We held that under these circumstances, the judge's order sufficiently met the dictates of G.S. 7A-286(5).

Here the evidence tends to show that respondent drank a beer and pushed her foster mother. If nothing more, the evidence indicates a maladjusted child. There is no evidence in the record of prior violations of law. It may be finally determined that commitment is the proper disposition in this case. Nevertheless, the North Carolina Juvenile Act requires the court to consider the welfare of the "delinquent child" as well as the "best interest of the State." *See In re Burrus*, 275 N.C. 517, 169 S.E. 2d 879 (1969), *aff'd sub nom., McKeiver v. Pennsylvania*, 403 U.S. 528, 29 L.Ed. 2d 647, 91 S.Ct. 1976 (1971).

Our Legislature, in G.S. 7A-277, states the purpose of Article 23 as follows:

"§ 7A-277. *Purpose.*—The purpose of this Article is to provide procedures and resources for children within the juvenile jurisdiction of the district court which are different in purpose and philosophy from the procedures applicable to criminal cases involving adults. These procedures are intend-

ed to provide a simple judicial process to provide such protection, treatment, rehabilitation or correction as may be appropriate in relation to the needs of each child subject to juvenile jurisdiction and the best interest of the State. The intent of this Article is to assure that, where possible, the court will arrange for the available community resources to be utilized to strengthen the child's family relationships in order to avoid removal of the child from his own home or community. Therefore, this Article should be interpreted as remedial in its purposes to the end that any child subject to the procedures applicable to children in the district court will be benefited through the exercise of the court's juvenile jurisdiction."

The fact that the proceeding is a juvenile proceeding does not lessen the burden upon the State to see that the child's rights are protected. *In re Meyers*, 25 N.C. App. 555, 214 S.E. 2d 268 (1975). Juvenile proceedings may nevertheless result in commitment to an institution in which a juvenile's freedom is curtailed. The court must consider the needs of the child. In *In re Berry*, 33 N.C. App. 356, 360, 235 S.E. 2d 278 (1977), we stated:

"[T]he record does not reveal, and the court made no finding of fact from which it can be determined that such a condition is fair and reasonable, relates to the needs of the children, tends to promote the best interest of the children, or is in conformity with the avowed policy of the State in its relation to juveniles. We are not unmindful of the rights of the injured parties in such cases. (See G.S. 1-538.1) but a requirement that a juvenile make restitution as a condition of probation must be supported by the record and appropriate findings of fact which demonstrate *that the best interest of the juvenile will be promoted by the enforcement of the condition.*" (Emphasis added.)

In the instant case, the trial court entered the following order:

"JUVENILE DISPOSITION ORDER

(The Juvenile Disposition Order was received by counsel for the respondent on May 31, 1978).

This case came on for disposition, the above named child having been found within the juvenile jurisdiction of the court as a delinquent child. The following persons were present for the hearing: Vickie Lynn Hardy — Child; Karen and Carl Wooters — Foster Parents; Susan Westbrook — Social Worker.

The child was represented by Rebecca Bosley — Attorney at Law.

After considering the factual evidence, the needs of the child, and the available resources, the court finds from the facts shown below that the following disposition would best provide for the protection, treatment, rehabilitation and correction of the child:

FINDINGS OF FACT

1. That said child is in need of the care, protection and discipline of the State.

2. That said child has been in the legal custody of the Cumberland County Department of Social Services since June of 1974; that in February of 1977, the physical custody of said child was placed with her mother on a trial basis; that said child was beyond the disciplinary control of her mother and the Cumberland County Department of Social Services assumed physical custody on April 3, 1978, and placed said child in the foster home of Mr. and Mrs. Wooters; that from April 3, 1978 until the filing of this petition, said child has been beyond the disciplinary control of her foster parents in that: (1) She made long distance telephone calls without permission in excess of twenty-five ($25.00) dollars, (2) The foster parents had to disconnect the telephone to keep her from adding additional long distance calls, (3) That the foster parents had to pull fuse plugs to keep said child from using lights and television, (4) That said child was totally beyond the disciplinary control of the conscientious foster parents, (5) That said child ran away from the Denmark Foster Home where she was staying for a weekend, (6) That said child has been absent or tardy from school all but five (5) days since April 3, 1978.

3. That said child has failed to respond to foster home placement and community resources are unable to meet the needs of said child.

4. That it will promote the welfare of said child and be to the best interest of the State to place her custody within a controlled, structured environment as that provided by the North Carolina Department of Human Resources.

IT IS THEREFORE ORDERED that said child be and remain a Ward of the Court and her custody is committed to the Juvenile Services Division of the North Carolina Department of Human Resources for an indefinite period not to extend beyond her 18th birthday under conditions and authority as contained in Article 23, Chapter 7A of the General Statutes of North Carolina.

This 25th day of May, 1978.

s/ DERB S. CARTER
Chief District Judge"

In the order, the court failed to consider whether or not respondent would not adjust in her home, albeit it be a foster one, on probation or while other services were furnished. We hold that it was incumbent upon the trial court to consider this criterion of the statute. Our Legislature intended for the court to consider all information relevant to the disposition of a delinquent child. *Cf. State v. Mitchell,* 24 N.C. App. 484, 211 S.E. 2d 645 (1975). Unlike the statute in *State v. Mitchell, Id.,* G.S. 7A-286(5) specifically requires appropriate findings of fact in the order of commitment.

The order entered below is reversed and remanded.

Judges MARTIN (Robert M.) and MITCHELL concur.