IN THE MATTER OF: JAMES AARON KHORK

No. 8322DC1302

(Filed 6 November 1984)

**1. Infants § 18— delinquency proceeding—qualification of expert witness**

    In an action in which defendant juvenile was adjudicated delinquent for setting fire to a school, a witness was properly qualified to testify as an expert that the fire had not been caused by electrical malfunction where the witness had been employed since 1960 as an electrical inspector for the North Carolina Department of Insurance, held an "unlimited electrical contractor's license," had attended seminars on electrically caused fires, and had aided the S.B.I. in determining the causes of approximately twenty-five other fires. It was irrelevant that the witness had received no formal degree in view of his extensive experience and practical training.

**2. Infants § 18— delinquency proceeding—defendant's emotional reaction to questioning—admissible**

    Testimony by an S.B.I. agent that defendant would not meet the agent's eyes and had his heart in his throat when he was interviewed after the fire was admissible as a "shorthand description" of defendant's nervous reaction to being questioned. The trier of fact was not precluded from making an independent evaluation of the evidence presented.

**3. Infants § 17— delinquency proceeding—defendant's extrajudicial confessions—corroborating circumstances**

    In a delinquency proceeding for burning a school, there was sufficient evidence of corroborative circumstances clearly pointing to defendant juvenile where defendant's extrajudicial confessions contained details unknown to all but the arsonist before the official investigation was completed.

**4. Infants § 20— delinquency—commitment order—insufficient evidence**

    Defendant's commitment to the division of youth services was not justified by the record of the dispositional hearing where there was no evidence of the inappropriateness of probation and no evidence to support an order of commitment. G.S. 7A-649, 652.

APPEAL by defendant from *Fuller, Judge.* Judgment entered 18 July 1983 in District Court, ALEXANDER County. Heard in the Court of Appeals 26 September 1984.

Defendant juvenile, born 8 January 1970, was adjudicated delinquent under G.S. 7A-517(12) for the 8 May 1983 burning of a school in violation of G.S. 14-60. On 22 August 1983 the court conducted a dispositional hearing and ordered the commitment of defendant into the custody of the Division of Youth Services for an indefinite period not to exceed his 18th birthday.

On Sunday, 8 May 1983, the East Junior High School in Alexander County was extensively damaged by fire. Expert witnesses testified that the fire was not caused by electrical fault, nor by the burning of hydrocarbon fuels. The cause was "incendiary" in nature. The fire had been ignited by the application of a flame to loose materials, paper and trash, in or immediately around the desk of Larry Sharpe and later spread throughout the building.

On the night of the fire, defendant was a 13-year-old sixth grader and a member of Larry Sharpe's homeroom class. The evidence suggested that defendant was angry with his teacher and several witnesses testified that two days prior to the fire defendant spoke of wanting to "burn down" the school. Later, defendant bragged to at least five classmates that he had carried out his threat. Defendant was reputed to be a "joker," but days before the cause and specific place of origin of the fire were independently determined, he told a friend that he had set the fire with matches in the trash can beside Larry Sharpe's desk. There was no sign of forcible entry but it was shown that defendant knew of classroom windows which were unlocked and accessible.

In the adjudicatory hearing, defendant's motion for dismissal based upon the insufficiency of the evidence was denied. On 18 July 1983, the court held that defendant juvenile was, beyond a reasonable doubt, a delinquent juvenile as defined by G.S. 7A-517(12). At the subsequent dispositional hearing, evidence of defendant's home life, reputation, lack of prior offenses, and psychological profile was presented. The court appointed Juvenile Court Counselor and all concerned parties agreed that it would be in the best interests of defendant that he be placed on probation and reunited with his family. The court, however, asserted that "under the lessor dispositional alternatives suitable for this case, . . . the juvenile presents a threat to . . . the community" and ordered defendant committed to the Division of Youth Services for an indefinite period not to exceed his 18th birthday. Defendant appeals.

*Attorney General Edmisten, by Jane Rankin Thompson, Assistant Attorney General, for the State.*

*Homesley, Jones, Gaines & Fields, by Edmund L. Gaines, for defendant appellant.*

VAUGHN, Chief Judge.

[1]  Defendant first contends that it was error for the court to permit David B. Maddrey to testify that, in his opinion as an expert, the fire was not caused by electrical malfunction. We disagree. Generally, "[a]n expert witness is a person who is better qualified than the jury to form an opinion from facts in evidence." *State v. Brackett*, 55 N.C. App. 410, 416, 285 S.E. 2d 852, 857, *rev'd on other grounds*, 306 N.C. 138, 291 S.E. 2d 660 (1982). Stated alternatively, "[t]he essential question determining the admissibility of opinion evidence is whether the witness, through study and experience, has acquired such skill that he is better qualified than the jury to form an opinion as to the subject matter to which his testimony applies." *State v. Phifer*, 290 N.C. 203, 213, 225 S.E. 2d 786, 793 (1976). In the present case there was sufficient evidence to qualify the witness as an expert in the "field of electrical causation of fires." Mr. Maddrey has been employed since 1960 as an electrical inspector for the North Carolina Department of Insurance. He holds an "unlimited electrical contractor's license," has attended seminars on the effects of electrically caused fires and has aided the S.B.I. in determining the cause or causes of approximately 25 other fires. It is irrelevant that Maddrey has received no formal degree in view of his extensive experience and practical training. He was clearly more qualified than the jury to form an opinion from the facts presented about the school's electrical system and was therefore properly accepted as an expert witness.

[2]  Defendant next maintains that it was error for the court to admit testimony regarding S.B.I. agent David Campbell's impressions of defendant's emotional state as he was interviewed after the fire. Agent Campbell's testimony contained the following:

Q. What, if anything, did you observe about James Khork's reaction to that fire?

Mr. Gaines: Object.

COURT: Overruled.

A. He would not look me in the eyes.

Mr. Gaines: Move to strike that testimony.

COURT: Overruled.

A. His heart, I could see his heart (inaudible) in his throat.

Defendant maintains that this testimony is subjective, conclusive and blatantly prejudicial. We cannot agree. "The emotion displayed by a person on a given occasion is a proper subject for opinion testimony by a non-expert witness." *State v. Looney*, 294 N.C. 1, 14, 240 S.E. 2d 612, 619 (1978) (witness properly allowed to testify that "the man's eyes 'lit up' " upon meeting another); 1 Stansbury, North Carolina Evidence § 129 (Brandis rev. 1973). Campbell's statements merely constituted a "shorthand description" of defendant's nervous reaction to being questioned and in no way precluded the trier of fact from making an independent evaluation of the evidence presented. *State v. Myers*, 299 N.C. 671, 674, 263 S.E. 2d 768, 771 (1980).

[3] Defendant next assigns as error the trial court's denial of his motion to dismiss on the grounds that the circumstantial evidence presented by the State was insufficient to sustain a guilty verdict. In support of his contention, defendant cites the proposition that an extrajudicial uncorroborated confession of a defendant, standing alone, is insufficient to submit the question of defendant's guilt to the jury. *State v. Thompson*, 287 N.C. 303, 214 S.E. 2d 742 (1975), *modified mem.*, 428 U.S. 908, 96 S.Ct. 3215, 49 L.Ed. 2d 1213 (1976). Although valid, defendant's authority is misapplied. In the present case, the State has offered sufficient evidence of extrinsic circumstances which suggest that defendant's "confessions" were no mere offhand jest and which, when viewed with his admissions, clearly point to defendant as the perpetrator of the crime. These extrajudicial confessions contained details that were unknown to all but the arsonist until the official police investigation was completed. Defendant revealed that he knew both the exact location of the fire's place of origin, beside his teacher's desk, and the "incendiary" means by which the fire was ignited. Evidence of the expression of these details clearly constitutes sufficient corroborative evidence which gives rise to a reasonable inference of defendant's guilt. In this jurisdiction, "[i]f the evidence adduced at trial gives rise to a reasonable inference of guilt, it is for the [trier of fact] to decide whether the facts shown satisfy [him] beyond a reasonable doubt of defend-

ant's guilt." *State v. Jones*, 303 N.C. 500, 504, 279 S.E. 2d 835, 838 (1981). We must also remind defendant that the State's evidence need not exclude every reasonable hypothesis of innocence. *Id.* The verdict is not defective simply because it fails to disprove the culpability of all those with access to the building. Although circumstantial, the evidence was clearly sufficient to withstand a motion to dismiss and to provide a logical and reasonable inference of defendant's guilt.

[4] We are persuaded, however, by the contention that defendant's commitment to the Division of Youth Services is not justified by the record of the dispositional hearing. G.S. 7A-649 provides that in the case of any juvenile found to be delinquent, a judge may impose any of ten dispositional alternatives. Yet Article 52 also directs that the judge shall select the "least restrictive disposition . . . that is appropriate to the seriousness of the offense, the degree of culpability indicated . . . and the age and prior record of the juvenile. A juvenile should not be committed . . . if he can be helped through community-level resources." G.S. 7A-646. Commitment is appropriate only if the judge finds "that (1) alternatives to commitment available in G.S. 7A-649 have been unsuccessfully attempted *or* are inappropriate, *and* (2) the juvenile's behavior is a threat." *In re Vinson*, 298 N.C. 640, 672, 260 S.E. 2d 591, 610 (1979) (*citing* G.S. 7A-652) [emphasis original]. This statutory framework was designed to provide flexible treatment in the "best interests" of both the juvenile and the State and to accordingly restrict the option of institutionalization to those "extraordinary situation[s]" where "no reasonable alternative [is] open to the court. . . ." *In re Brownlee*, 301 N.C. 532, 551-52, 272 S.E. 2d 861, 873 (1981).

The statutory standard has therefore been held to *direct* that the trial judge recite detailed findings in support of either test enunciated under G.S. 7A-652, and *require* "that those enumerated findings are supported by *some evidence in the record of the dispositional hearing*." *Vinson*, 298 N.C. at 672, 260 S.E. 2d at 610 [emphasis original]. In the present case, as in *Vinson*, there was no evidence of the inappropriateness of probation presented at the dispositional hearing. Indeed, no evidence to support an order of commitment was presented. We believe that the trial court clearly erred. Where no evidence of the appropriateness of incarceration is presented in the dispositional hearing, defendant

may not be committed based upon the perceived seriousness of the offense alone. Such actions would otherwise render the dispositional hearing a useless formality and ignore the legislative directive that the commitment of delinquent juveniles is presumptively inappropriate. We, therefore, sustain defendant's final assignment of error and direct the trial court to apply an appropriate alternative based upon the evidence presented on remand.

Affirmed in part, vacated in part. Remanded for new dispositional hearing.

Judges WHICHARD and JOHNSON concur.