IN RE RANDALL

[99 N.C. App. 356 (1990)]

---

IN THE MATTER OF: ERIC JACKSON RANDALL

No. 8913DC1249

(Filed 3 July 1990)

**Infants § 20 (NCI3d) — juvenile delinquent — community based alternatives not considered**

A trial court order committing a juvenile to the Division of Youth Services for 30 days arising from an assault charge and guilty plea was remanded where there was no evidence of the inappropriateness of any community-based alternatives and the trial court stated that training school was appropriate due to the nature of the actions involved. N.C.G.S. § 7A-649 lists ten dispositional alternatives for delinquent juveniles, nine being various community level alternatives and the most severe being the commitment to training school, and N.C.G.S. § 7A-647 presents several other community-based dispositional alternatives. A juvenile may not be committed to training school based upon the perceived seriousness of the offense alone.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 32, 33, 60.**

APPEAL by juvenile from order entered 21 June 1989 by *Judge David G. Wall* in COLUMBUS County District Court. Heard in the Court of Appeals 7 June 1990.

This is a juvenile proceeding in which the district court found that the juvenile, Eric Jackson Randall, was delinquent. The basis for the delinquency adjudication was the juvenile's guilty plea to

**IN RE RANDALL**

[99 N.C. App. 356 (1990)]

simple assault. The assault charge and guilty plea arose from the "initiation" of another juvenile at the Boys Home of North Carolina in Lake Waccamaw, where the boys were residents. The juvenile Randall had apparently placed himself in the Boys Home to remove himself from a difficult home situation and had not previously had contact with the court system.

At the dispositional hearing the Assistant District Attorney introduced into evidence an intake counselor's report. In that report the intake counselor recommended that the juvenile be placed on supervised probation. The court further considered testimony from the juvenile's counselor at the Columbus County Mental Health Center. The counselor stated that he did not feel that a 30 day commitment would be an appropriate disposition because it would remove the juvenile from his therapy situation. Additionally, a social worker from Boys Home testified that she and the Admissions Committee recommended that the juvenile be placed on probation and that he remain at Boys Home for some period of time. The social worker testified that the juvenile had not been involved in any other incident while at the Home. There was also testimony from the juvenile court counselor that a local police officer was willing to involve the juvenile in a community service program at the police department.

After making findings of fact, including that community-based alternatives or resources would not be appropriate, the trial court committed the juvenile to the Division of Youth Services for a period of 30 days. The juvenile appeals from the sentence imposed.

*Attorney General Thornburg, by Assistant Attorney General Debra K. Gilchrist, for the State.*

*Fred C. Meekins, Jr. for juvenile-appellant.*

EAGLES, Judge.

Before a delinquent juvenile may be committed to training school, the trial court must find that two tests have been met: first, "that the alternatives to commitment . . . have been attempted unsuccessfully or are inappropriate," and second, "that the juvenile's behavior constitutes a threat to persons or property in the community." G.S. 7A-652(a). The trial court's findings must be sufficiently detailed and must be based on some evidence appearing in the record. *In re Vinson*, 298 N.C. 640, 672, 260 S.E.2d 591, 610 (1979).

**IN RE RANDALL**

[99 N.C. App. 356 (1990)]

The juvenile assigns error to the trial court's finding regarding the first test and argues that the State offered no evidence that the alternatives were inappropriate or had been unsuccessfully attempted. We agree.

G.S. 7A-649 lists ten dispositional alternatives for delinquent juveniles, the most severe of which is commitment to training school; the other nine are various "community-level" alternatives. *In re Brownlee*, 301 N.C. 532, 552, 272 S.E.2d 861, 873 (1981). G.S. 7A-647, which is to be read in tandem with G.S. 7A-649, presents several other community-based dispositional alternatives for delinquent juveniles.

In the present case there was no evidence of the inappropriateness of any community-based alternatives. Additionally, the trial court stated that training school was appropriate "due to the nature of the actions involved." As this court has stated previously, a juvenile "may not be committed [to training school] based upon the perceived seriousness of the offense alone." *In re Khork*, 71 N.C. App. 151, 156, 321 S.E.2d 487, 490 (1984). We are mindful that the determination of the appropriate disposition of juvenile cases is in the trial court's discretion. However, we cannot say from this record that the trial court considered the available community-based alternatives.

For the reasons stated, the order of the trial court is vacated and the cause remanded for proceedings consistent with this opinion.

Vacated and remanded.

Judges WELLS and LEWIS concur.