IN RE CARTER

[125 N.C. App. 140 (1997)]

IN THE MATTER OF: JATE ANTWAN CARTER

No. COA96-265

(Filed 7 January 1997)

**Infants or Minors § 136 (NCI4th)— juvenile delinquent—commitment period greater than that of an adult**

The trial court did not err in sentencing a juvenile, who was adjudicated delinquent, to a commitment greater than the commitment period for which an adult could be committed for the same acts. N.C.G.S. § 7A-652(c) allows a trial court to commit a juvenile for the maximum period of time that *any adult* could be committed for the same offense without considering prior record levels and aggravating and mitigating factors as required under structured sentencing for adults. This interpretation is supported by the purpose of disposition in juvenile actions and by a 1996 clarifying amendment to the statute.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 30.**

Appeal by juvenile from order entered 27 November 1995 by Judge Resa L. Harris in Mecklenburg County District Court. Heard in the Court of Appeals 19 November 1996.

*Attorney General Michael F. Easley, by Associate Attorney General T. Brooks Skinner, Jr., for the State.*

*The Children's Law Center, by Phillip H. Redmond, Jr., for juvenile-appellant.*

WALKER, Judge.

On 27 November 1995, the juvenile was adjudicated delinquent pursuant to a petition charging him with the offense of misdemeanor larceny. The juvenile had been adjudicated delinquent twice before in 1995: once for another misdemeanor larceny and once for misdemeanor possession of marijuana. During the dispositional hearing, the juvenile was committed to the North Carolina Division of Youth Services for placement in one of the residential facilities for an indefinite term not to exceed 260 days. The record reflects that the trial court considered the maximum period of commitment for each larceny to be 120 days and 20 days for possession of marijuana in

accordance with N.C. Gen. Stat. § 15A-1340.23 (1994). The juvenile contends that the trial court erred when it committed him for this period of time since the commitment period exceeds the maximum period for which an adult could be committed for acts for which the juvenile has been adjudicated delinquent.

N.C. Gen. Stat. § 7A-652(c) (1987) provides "[i]n no event shall commitment of a delinquent juvenile be for a period of time in excess of that period for which an adult could be committed for the same act. . . ." The juvenile argues that this language requires the structured sentencing guidelines for adults to apply to juveniles. As such, the juvenile contends that the maximum punishment level for a similarly situated adult would be a commitment of 105 days. (This figure was attained by applying the classes and levels proscribed by the structured sentencing guidelines to each of the three charges for which the juvenile was adjudicated delinquent. However, structured sentencing did not become effective until 1 October 1994).

In contrast, the State interprets N.C. Gen. Stat. § 7A-652 (c) to allow a trial court to commit a juvenile for the maximum period of time that *any adult could* be committed for the same offense, without considering prior record levels and aggravating/mitigating factors as required under structured sentencing for adults. We elect to follow the State's interpretation of N.C. Gen. Stat. § 7A-652, finding it to be supported by the purpose of disposition in juvenile actions and a recent clarifying amendment passed by the General Assembly.

The juvenile asserts that the case of *United States v. R.L.C.*, 503 U.S. 291, 117 L. Ed. 2d 559 (1992), controls and prohibits the detention of juveniles for longer periods than similarly situated adults. Further, he contends that this case supports his interpretation of N.C. Gen. Stat. § 7A-652. In the *R.L.C.* case, the United States Supreme Court, in addressing the issue of applying sentencing guidelines to juvenile sentences, held that a federal law prohibiting the detention of juveniles longer than a similarly situated adult "refers to the maximum length of sentence to which a similarly situated adult would be subject if convicted of the adult counterpart of the offense and sentenced under the statute requiring application of the Guidelines. . . ." *Id.* at 306, 117 L. Ed. 2d at 573 (citation omitted). Although we are faced with determining a similar issue in the case at hand, in *R.L.C.* the Court was interpreting federal law in light of Congressional intent, and thus we do not deem the decision to be controlling when applying the law of our State. In addition, the fed-

eral law is worded differently than N.C. Gen. Stat. § 7A-652(c). 18 U.S.C. § 5037 (c)(1)(B) (1985).

In our State there are significant differences that exist in sentencing an adult versus the dispositional phase of juvenile proceedings. The primary purposes of criminal sentencing are to "impose a punishment commensurate with the injury the offense has caused . . .; to protect the public by restraining offenders; to assist the offender toward rehabilitation . . .; and to provide a general deterrent to criminal behavior." N.C. Gen. Stat. § 15A-1340.12 (1994). A juvenile disposition on the other hand, has as its primary purpose "to design an appropriate plan to meet the needs of the juvenile and to achieve the objectives of the State in exercising jurisdiction." N.C. Gen. Stat. § 7A-646 (1995). Thus, the statutory framework of our juvenile code was designed to provide flexible treatment plans that would serve the best interests of the juvenile and the State. *In re Hardy*, 39 N.C. App. 610, 251 S.E.2d 643 (1979); *In re Khork*, 71 N.C. App. 151, 321 S.E.2d 487 (1984). While the adult code focuses on punishment and deterrence through rigid sentencing guidelines, the juvenile code emphasizes the need for flexibility in meeting the child's special needs.

The juvenile also argues that there are two ways to apply the sentencing guidelines in juvenile dispositions. He first argues that because N.C. Gen. Stat. § 7A-638 (1995) provides "[a]n adjudication that a juvenile is delinquent . . . shall [not] be considered conviction of any criminal offense . . .," any juvenile eligible for commitment could only be committed for the minimum period for which an adult could be sentenced regardless of how many prior offenses the juvenile had committed, as none of the prior offenses would be considered prior convictions.

The second alternative argued by the juvenile would treat juvenile adjudications of delinquency as criminal convictions. In this case, the interpretation would mean that the juvenile's maximum commitment period would be that of an adult with three criminal convictions. However, each of these interpretations would remove the flexibility of juvenile dispositions and frustrate the purpose of the juvenile code. We believe the juvenile code mandates judicial flexibility in juvenile dispositions and draws a clear distinction between adult criminal sentencing and juvenile disposition proceedings.

The State's interpretation of N.C. Gen. Stat. § 7A-652 (c) is further supported by a recent clarifying amendment passed by our General Assembly. The statute, effective 1 December 1996, now reads, "In no

event shall commitment of a delinquent juvenile be for a period of time in excess of the maximum term of imprisonment for which an adult in prior record level VI for felonies or in prior record level III for misdemeanors could be sentenced for the same offense." N.C. Gen. Stat. § 7A-652 (c) (1996). Prior record level VI for felonies and prior record level III for misdemeanors are both the highest prior record levels in each respective category. Thus, it is now apparent that the Legislature intended that a juvenile could be committed for the maximum period allowed for an adult with the highest prior record level, regardless of the number of the juvenile's prior delinquent adjudications.

We find there was ample evidence in the record to support the disposition of commitment since all alternatives to commitment prescribed by statute had been attempted unsuccessfully or were considered and found to be inappropriate. Therefore, the trial court properly ordered that the juvenile be committed for an indefinite term not to exceed 260 days.

Affirmed.

Judges LEWIS and SMITH concur.