DILLON, Judge.
The juvenile C.J.J. ("Carl")[1] appeals from the trial court's disposition and commitment order which entered a level three disposition and committed him to a youth development center. For the following reasons, we affirm the trial court's order.
I. Background
On 12 February 2014, the State filed a juvenile petition alleging that Carl had committed larceny from the person and common law robbery on 20 December 2013. Carl had only recently been adjudicated delinquent on 5 December 2013 for other offenses and received a level two disposition, including twelve months on probation with an electronic monitoring device, ordered to complete a substance abuse assessment, and to attend school regularly.
On 25 February 2014, Carl admitted that he had committed larceny from the person, and this admission was accepted by the court. The State dismissed the other petitions for common law robbery and larceny from the person against Carl.
On 28 March 2014, the matter came on for disposition and the trial court entered a level three disposition and committed Carl to a youth development center for a minimum of 6 months to a maximum of 39 months. Carl filed notice of appeal from the adjudication and disposition orders.
II. Analysis
On appeal, Carl argues (1) the trial court violated N.C. Gen.Stat. § 7B-2513(a) in sentencing him[2] and (2) erred in committing him to a youth development center. We address each argument in turn.
A. N.C. Gen.Stat. § 7B-2513(a)
Defendant argues that the trial court violated N.C. Gen.Stat. § 7B-2513 by committing him to a maximum of 39 months for his larceny from the person adjudication, which is an amount more than the presumptivesentence that an adult could receive for committing the same Class H felony, though within the aggravatedrange.
Subsection (a) of G.S. 7B-2513 states that
[n]o juvenile shall be committed to a youth development center beyond the minimum six-month commitment for a period of time in excess of the maximum term of imprisonment for which an adult in prior record level VI for felonies or in prior conviction level III for misdemeanors could be sentenced for the same offense....
N.C. Gen.Stat. § 7B-2513(a)(2013).[3] Carl was adjudicated for larceny from the person, a class H felony. SeeN.C. Gen.Stat. § 14-72 (2013). In the presumptive range, the maximum criminal sentence for a class H adult felon with a prior record level of VI is 36 months. SeeN.C. Gen.Stat. § 15A-1340.17(c) and (d) (2013). However, for the aggravated range, the maximum sentence is 39 months. See id.Here, Carl was placed in a youth development center for 39 months.
Carl argues that the trial court erred in construing the term "maximum term of imprisonment" in G.S. 7B-2513 to mean that he could be sentenced like an adult with a prior level of VI and receive 39 months in the aggravated range for the class H felony, see id.,rather than the maximum in the presumptive range. Carl argues that because G.S. 7B-2513 references structured sentencing, and G.S. 15A-1340.13 refers to an aggravated sentence as a "deviation" from presumption sentencing, "maximum term of imprisonment" should be interpreted to mean only the maximum in the presumptive range. Carl further argues that because an aggravated sentence requires additional findings by a jury, the "maximum term of imprisonment" should only mean what was authorized by a jury verdict.
We are compelled by our decision in In re Carter,to affirm the trial court's order. 125 N.C.App. 140, 479 S.E.2d 284 (1997) (decided under a previous version of the statute codified at N.C. Gen.Stat. § 7A-652(c) ). The version of this statute applicable to the facts in Carter,which is similar to the current version of G.S. 7B-2513(a), stated that "in no event shall commitment of a delinquent juvenile be for a period of time in excess of that period for which an adult could be committed for the same act...." Id .at 141, 479 S.E.2d at 284. In that case, this Court held that the statute allowed a juvenile to be committed "for the maximum period[,]" meaning a period of commitment in which "any adult couldbe committed, without considering prior record levels or aggravating/mitigating factors as required under structured sentencing for adults." Id.Accordingly, this Court held that a trial court had the authority to commit a juvenile for a period that an adult with multiple prior offenses could be sentenced for even if the juvenile had no prior adjudications. Id.at 141, 479 S.E.2d at 284-85. The Court reasoned that in contrast to criminal sentencing which makes punishment "commensurate" with the injury the offense had caused, "the statutory framework of our juvenile code was designed to provide flexible treatment plans that would serve the best interests of the juvenile and the State" and this interpretation would best serve the "need for flexibility in meeting the child's special needs." Id.at 142, 479 S.E.2d at 285. The Court further noted that in 1996, the statute was changed to state that "[i]n no event shall commitment of a delinquent juvenile be for a period of time in excess of the maximum term of imprisonment for which an adult in prior record level VI for felonies or in prior record level III for misdemeanors could be sentenced for the same offense." Id.at 143, 479 S.E.2d at 285-86. SeeN.C. Sess. Laws.1995 (Reg.Sess., 1996), c. 609. The CarterCourt explained that this change was further evidence in support of its interpretation because
[p]rior record level VI for felonies and prior record level III for misdemeanors are both the highest prior record levels in each respective category. Thus, it is now apparent that the Legislature intended that a juvenile could be committed for the maximum period allowed for an adult with the highest prior record level, regardless of the number of the juvenile's prior delinquent adjudications.
Id.at 143, 479 S.E.2d at 286. In other words, "the maximum term of imprisonment" could include a placement term equal to an adult sentence in the aggravated range for that class of felony offense with a prior record level of VI, if the court finds that the term would be the best plan for the juvenile and best for the interests of the State. Even though structured sentencing did not apply to the facts in Carter,our Court noted that the changes made based on structured sentencing still supported its interpretation of the statute. As the framework and design of the juvenile code still demands flexibility, the reasoning and ruling in Carterremains controlling, and we hold that the trial court did not err in sentencing Carl in the adult aggravating range for his disposition.
Carl argues for the application of Blakely v. Washington,542 U.S. 296, 159 L.Ed.2d 403 (2004), which held that it was a violation of a defendant's Sixth Amendment right to enhance a criminal sentence by aggravating factors without first submitting them to a jury and having that jury find them beyond a reasonable doubt. Blakelywas subsequently applied by our Supreme Court in State v. Allen,359 N.C. 425, 437, 615 S.E.2d 256, 265 (2005), withdrawn,360 N.C. 569, 635 S.E.2d 899 (2006).[4] We first note that Carl waived this argument by failing to raise to the trial court any Blakelybased Sixth Amendment Constitutional arguments during his dispositional and commitment hearing. See State v. Gainey,355 N.C. 73, 87, 558 S.E.2d 463, 473 (2002).
Even assuming arguendothat this argument was properly preserved, Blakelyhas only been applied to criminal proceedings involving juveniles tried as adultsin criminal proceedings but not juvenile adjudications, dispositions, and commitments. See State v. Upshur,176 N.C.App. 174, 180-81, 625 S.E.2d 911, 915 (2006). However, juvenile adjudications are not considered criminal convictions. See In re Carter, supra.Rather, in our juvenile code, the trial court is given specific directives to protect the due process rights of the juvenile during adjudication, see N.C. Gen.Stat. § 7B-2405 (2013), and it is the trial court that makes adjudication (N.C. Gen.Stat. § 7B-2411 (2013) ), disposition (N.C. Gen.Stat. § 7B-2501 -7B-2512 (2013), and commitment (N.C.Gen.Stat. § 7B-2513 ) decisions. Carl's argument is overruled.
B. Disposition/Commitment to a Youth Development Center
Next, Carl argues that the trial court abused its discretion in committing him to a youth development center because the findings show that his rehabilitation and treatment needs did not support the conclusion that commitment was warranted.
On appeal, this Court "will not disturb a trial court's ruling regarding a juvenile's disposition absent an abuse of discretion, which occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." In re J.B .,172 N.C.App. 747, 751, 616 S.E.2d 385, 387 (2005) (marks omitted).
As Carl concedes, the trial court had discretion pursuant to N.C. Gen.Stat. § 7B-2508 (2013) to order a Level 2 or 3 disposition because the offense was "serious[,]" as larceny from the person is a class H felony, see N.C. Gen.Stat. § 14-72(b)(1) (2013), and his delinquency history level was "high[,]" see N.C. Gen.Stat. § 7B-2507 (2013), based on his prior adjudications for malicious injury to property, two counts of second-degree burglary, petty larceny, common law robbery, and possession of a handgun by a minor. N.C. Gen.Stat. § 7B-2508(d) states that a Level 2 disposition provides "for evaluation and treatment under G.S. 7B-2502 and for any of the dispositional alternatives contained in subdivisions (1) through (23) of G.S. 7B-2506 " such as compulsory school attendance, payment of fines and restitution, community-based programs, community service, and probation. However, N.C. Gen.Stat. § 7B-2508(e) states that for a Level 3 disposition, the trial court "shall commit the juvenile to the Division for placement in a youth development center in accordance with G.S. 7B2506(24)" which states that the placement be "in accordance with G.S. 7B-2513 for a period of not less than six months." N.C. Gen.Stat. § 7B-2506(24) (2013). G.S. 7B2501 states that "[i]n choosing among statutorily permissible dispositions, the court shall select the most appropriate disposition both in terms of kind and duration for the delinquent juvenile. Within the guidelines set forth in G.S. 7B-2508, the court shall select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile," based upon the following factors:
(1) The seriousness of the offense;
(2) The need to hold the juvenile accountable;
(3) The importance of protecting the public safety;
(4) The degree of culpability indicated by the circumstances of the particular case; and
(5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.
N.C. Gen.Stat. § 7B-2501(c) (2013).
Here, the trial court, in the order and at the hearing, made findings pursuant to these factors. In its written order, the trial court found that Carl was now 14 years old and had been adjudicated and been on probation for felonies both while previously living in South Carolina and also now in North Carolina; he remained a "serious risk" and threat to the community because his adjudications in North Carolina "show access to weapons and a robbery," and now larceny from the person; even though he has been in treatment, Carl continued to have behavior issues and smoke marijuana; Carl was in need of a higher level of care and supervision than he received at home and needed to be held accountable for his repeated offenses; Carl was warned about his eligibility for a youth development center but violated electronic monitoring several times, leaving school without permission and was found with marijuana on his person; and punishment and treatment so far had not deterred Carl from committing the felony of larceny from the person only fifteen (15) days after his last adjudication for common law robbery. These findings adequately support the trial court's Level 3 disposition.
It is true, as Carl argues, that his court counselor recommended he receive treatment in the community and a level 2 disposition but it was within the trial court's discretion, after weighing the above factors, to reject their recommendation and, after making the appropriate findings as discussed above, to give a Level 3 disposition and commit him to a youth development center instead. Accordingly, we hold that the trial court did not abuse its discretion and Carl's argument is overruled. For the foregoing reasons, the disposition order is
AFFIRMED.
Judges STROUD and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by juvenile from the adjudication order entered 25 February 2014 and the disposition order entered 28 March 2014 by Judge Louis A. Trosch in Mecklenburg County District Court. Heard in the Court of Appeals 5 March 2015.

A pseudonym.

By motion filed 25 November 2014, Carl requested permission to amend his brief to include this argument. Even though this argument was not included in his original brief filed with this Court, see N.C. R.App. P. 28(a), we grant Carl's motion to amend pursuant to N .C. R.App. P. 2 to consider this additional substantive argument.

The trial court did not make findings or sentence Carl pursuant to G.S. 7B-2515. Accordingly, the last part of G.S. 7B-2513(a) is inapplicable to the case before us.

The decision in Allen was withdrawn based on the United States Supreme Court's holding in Washington v. Recuenco, 548 U.S. 212, 165 L.Ed.2d 466 (2006) (holding that an alleged Blakely error was subject to harmless error analysis, rather than as a structural error).