McCULLOUGH, Judge.
 

 *61
 
 The juvenile R.D. ("Ricky")
 
 [1]
 
 appeals from a disposition and commitment order in which the trial court imposed a level three disposition, committing Ricky to a youth development center ("YDC"). For the following reasons, we affirm.
 

 I.
 
 Background
 

 On 13 May 2014, the State filed juvenile petitions alleging Ricky committed felony breaking or entering a motor vehicle and misdemeanor
 
 *62
 
 larceny on or about 8 May 2014. At a hearing in Mecklenburg County District Court on 28 July 2014, Ricky admitted to breaking or entering a motor vehicle as part of a plea arrangement whereby the State voluntarily dismissed the misdemeanor larceny petition. The trial court accepted Ricky's admission, adjudicated Ricky delinquent, and then proceeded to disposition.
 

 During the disposition stage, Ricky stipulated to three prior offenses which, when added to the current offense, resulted in seven points and placed him in the high classification of delinquency history. Consequently, Ricky was subject to a level two or three disposition for breaking or entering a motor vehicle, a Class I felony under N.C. Gen.Stat. § 14-46 (2013) and a serious offense under N.C. Gen.Stat. § 7B-2508(a)(2) (2013). Upon consideration of Ricky's history, Judge Elizabeth Trosch imposed a level three disposition, ordering that Ricky be committed to a YDC for an indefinite period of at least six months, but not to exceed his eighteenth birthday. As Ricky will turn eighteen in mid-July 2016, Ricky's maximum commitment was just short of twenty-four months. Ricky filed notice of appeal on 4 August 2014.
 

 II.
 
 Discussion
 

 On appeal, Ricky asserts that the disposition entered by the trial court violates N.C. Gen.Stat. § 7B-2513(a) (2013), which provides in pertinent part as follows:
 

 No juvenile shall be committed to a youth development center beyond the minimum six-month commitment for a period of time in excess of the maximum term of imprisonment for which an adult in prior record level VI for felonies or in prior conviction
 
 *686
 
 level III for misdemeanors could be sentenced for the same offense[.]
 

 Ricky argues that, in applying this provision, the trial court may not sentence a juvenile to a term greater than the maximum sentence
 
 within the presumptive range
 
 faced by a prior record level ("PRL") VI adult for the same conduct. Ricky notes that the highest presumptive sentence for a Class I felony and PRL VI is 10 months minimum to 21 months maximum under structured sentencing.
 
 See
 
 N.C. Gen.Stat. §§ 15A-1340.17(c) and (d) (2013). Although the aggravated range for a Class I felony and PRL VI allows for a sentence of 12 months minimum to 24 months maximum, Ricky points out that N.C. Gen.Stat. § 7B-2513(a) does not explicitly refer to the maximum
 
 aggravated
 
 term that may be imposed on an adult offender with a PRL VI. Claiming an
 
 *63
 
 "ambiguity in the current statute," juvenile suggests that the maximum period of YDC commitment should be limited by the presumptive range of adult criminal sentences, based on the rule of lenity.
 

 In
 
 In re Carter,
 
 this Court reviewed the trial court's application of the statutory forebear to N.C. Gen.Stat. § 7B-2513, which provided that " 'in no event shall commitment of a delinquent juvenile be for a period of time in excess of that period for which an adult could be committed for the same act [.]' "
 
 In re Carter,
 

 125 N.C.App. 140
 
 , 141,
 
 479 S.E.2d 284
 
 , 284 (1997) (quoting N.C. Gen.Stat. § 7A-652(c) (1987) ). The juvenile in
 
 Carter
 
 construed the statute to limit his period of commitment to the maximum sentence that could be imposed upon "a similarly situated adult"-i.e., an adult misdemeanant with a prior conviction level corresponding to the juvenile's own delinquency history.
 

 Id.
 

 In contrast, the State argued that the statute instead "allow[ed] a trial court to commit a juvenile for the maximum period of time that
 
 any adult could
 
 be committed for the same offense, without considering prior record levels and aggravating/mitigating factors as required under structured sentencing for adults."
 
 Id.
 
 at 141,
 
 479 S.E.2d at 285
 
 (emphasis in original). This Court "elect[ed] to follow the State's interpretation of N.C. Gen.Stat. § 7A-652, finding it to be supported by the purpose of disposition in juvenile actions and a recently clarifying amendment passed by the General Assembly."
 

 Id.
 

 In support of our holding in
 
 Carter,
 
 we noted that, unlike criminal sentencing's emphasis on punishment and deterrence, the "primary purpose" of a delinquency disposition under the Juvenile Code is the development of "an appropriate plan to meet the needs of the juvenile and to achieve the objectives of the State in exercising jurisdiction."
 
 125 N.C.App. at 142
 
 ,
 
 479 S.E.2d at 285
 
 (citation and internal quotation marks omitted). We therefore concluded that "the [J]uvenile [C]ode mandates judicial flexibility in dispositions[,]" and that its provisions should be interpreted in a manner that maximizes that flexibility.
 

 Id.
 

 We found additional support for the State's maximalist interpretation of N.C. Gen.Stat. § 7A-652(a) in a "clarifying amendment" enacted by the General Assembly, which changed the relevant statutory language to the following:
 

 "In no event shall commitment of a delinquent juvenile be for a period of time in excess of the maximum term of imprisonment for which an adult in prior record level VI for felonies or in prior record level III for misdemeanors could be sentenced for the same offense."
 

 *64
 

 Id.
 
 at 142-43,
 
 479 S.E.2d at 285-86
 
 (quoting N.C. Gen.Stat. § 7A-652(c) (1996) ). Although the effective date of the amendment made it inapplicable to the juvenile in
 
 Carter,
 
 we deemed it indicative of the legislature's intent to authorize a commitment period corresponding to the maximum possible sentence for the adult criminal offense, "regardless of the number of the juvenile's prior delinquent adjudications."
 
 Id.
 
 at 143,
 
 479 S.E.2d at 286
 
 .
 

 The rationale that underlay our interpretation of N.C. Gen.Stat. § 7A-652 in
 
 Carter
 
 applies equally to N.C. Gen.Stat. § 7B-2513(a). The purpose of a delinquency disposition under the current Juvenile Code continues to be "to design an appropriate plan to meet the needs of the juvenile and to achieve the objectives of the State in exercising jurisdiction, including the protection of the public." N.C. Gen. Stat. § 7B2500 (2013);
 
 see also
 
 N.C. Gen.Stat. § 7B-2501(c) (2013).
 

 *687
 
 The Code thus continues to "mandate[ ] judicial flexibility" in the crafting of a disposition suited to the individual juvenile.
 
 In re Carter,
 

 125 N.C.App. at 142
 
 ,
 
 479 S.E.2d at 285
 
 . "While protection of the public has received new emphasis, and accountability has become an integral part of rehabilitation, the Juvenile Code remains far from a punitive system."
 
 State v. Tucker,
 

 154 N.C.App. 653
 
 , 659,
 
 573 S.E.2d 197
 
 , 201 (2002). Moreover, we note that the language in the "clarifying amendment" cited in
 
 Carter
 
 appears verbatim in N.C. Gen.Stat. § 7B-2513(a).
 
 [2]
 
 Accordingly, we conclude that N.C. Gen.Stat. § 7B-2513(a) "allow [s] a trial court to commit a juvenile for the maximum period of time that
 
 any adult could
 
 be committed for the same offense, without considering prior record levels and aggravating/mitigating factors as required under structured sentencing for adults."
 
 In re Carter,
 

 125 N.C.App. at 141
 
 ,
 
 479 S.E.2d at 285
 
 (emphasis in original). As made clear by our ruling in
 
 Carter,
 
 we used the term "without considering" to mean "not limited by" either the offender's PRL or the existence or non-existence of aggravating and mitigating factors.
 

 Under structured sentencing, the maximum period that "
 
 any adult could
 
 " be imprisoned for the Class I felony of breaking or entering a motor vehicle is 24 months.
 

 Id.
 

 (emphasis in original); N.C. Gen.Stat. §§ 15A-1340.17(c) and (d). Because the maximum period of Ricky's YDC commitment does not exceed 24 months, the trial court did not err.
 

 *65
 
 III.
 
 Conclusion
 

 For the forgoing reasons, the disposition and commitment order by the trial court is affirmed.
 

 AFFIRMED.
 

 Judges STROUD and INMAN concur.
 

 [1]
 

 A pseudonym.
 

 [2]
 

 The current statute further authorizes an extension of the juvenile's commitment period when the Division of Juvenile Justice "determines that the juvenile's commitment needs to be continued for an additional period of time to continue care or treatment under the plan of care or treatment developed under subsection (f) of this section." N.C. Gen.Stat. § 7B-2513(a).